assigned by the majority of the court at General Term. (12 Hun, 325 ; 23 id. 1.)

If payment had been made in money, it would have been effectual according to the reasoning already applied to the other question. But it was not. The bond and mortgage were mere choses in action, and could not have been enforced by Scribner to the prejudice of the plaintiff. The Flacks were not only affected by the equities which restrained the enforcement of the mortgage by Scribner (*DeLancey* v. *Stearns*, 66 N. Y. 157), but were charged by the record with notice of the plaintiff's mortgage, as the defendant Guy also was, by the commencement of this action. The subsequent payment, therefore, by him should not operate to the prejudice of the plaintiff.

We think the judgment appealed from should be affirmed, but as both parties have appealed and neither succeeded, it should be without costs of this appeal to either party.

All concur.

Judgment affirmed.

---

POLLY GRAVES, Respondent, *v.* WELCOME WHITE et al., Appellants.

A positive and absolute refusal by one of the parties to perform a contract for a purchase and sale of land gives to the other party, as an alternative remedy, the right to assent to such abandonment, and to treat the contract as rescinded.

Where, therefore, plaintiff, under a contract for the exchange of lands, had delivered possession of his premises, and the other party thereafter sold and conveyed his premises to a third person, who repudiated and refused to perform the contract, and refused to surrender possession of plaintiff's land, *held*, that she was entitled to bring ejectment to recover the same ; that by bringing such action and giving the preliminary notice to surrender possession, she gave her assent to the abandonment of the contract ; and, it being thus rescinded by mutual consent, its vitality was gone, and defendant could not invoke the same as a defense to the action.

(Submitted December 14, 1881 ; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1880, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*A. J. Abbott* for appellants.

*James Wood* for respondent.

FINCH, J. This was an action of ejectment. The defense was a general denial and a claim of adverse possession. The plaintiff established a legal title to the land in dispute. The defendant showed no title, and failed entirely to prove an adverse possession. He had no defense to the action, unless the written agreement between his grantor, Mattison, and the plaintiff for an exchange of lands was available for that purpose. That agreement, however, he repudiated. The referee finds upon sufficient evidence that the defendant at first proposed to carry out the agreement for an exchange, to which the plaintiff assented, and a day was thereupon fixed for the exchange of deeds; but at the time appointed the defendant refused to carry out the agreement, and, retaining his possession of the land described in the complaint, refused to surrender it upon demand, and claimed to own both parcels covered by the proposed exchange. He now relies upon the agreement thus repudiated to protect his possession against the plaintiff's legal title. Assuming that the transaction between himself and Mattison, in which he took an absolute deed, in no manner recognizing or reserving the plaintiff's right under the contract, but nevertheless with full knowledge of that contract, and agreeing by parol to carry it out, constituted him an assignee of his grantor's rights under the contract, so that he could have enforced them against the plaintiff, although such assumption may admit of debate and is strenuously denied; yet the difficulty remains that when called upon at the ap-

pointed time to perform the contract and make the exchange he positively refused. For this reason the referee disregarded the attempted defense, and the General Term in affirming that decision hold that the defendant practically abandoned the contract, and so lost all claim to enforce its specific performance in equity, or to rely upon it as a defense to his possession. We think the ruling of the General Term was right. It rests upon a foundation common to all contracts, that two persons who are competent to make a contract are competent to waive or abandon it, and where both concur in such waiver or abandonment their united assent dissolves the contract, and the rights of each under it are ended. This was long ago held as to contracts respecting personal property. (*Langfort* v. *Tiler*, 1 Salk. 113; *Lawrence* v. *Knowles*, 7 Scott, 381; *Clarkson* v. *Carter*, 3 Cow. 84; *McEachron* v. *Randles*, 34 Barb. 305; Story on Sales, § 424.) The doctrine of these authorities is, that the refusal of one party to perform his contract amounts on his part to an abandonment of it. The other party thereupon has a choice of remedies. He may stand upon his contract, refusing assent to his adversary's attempt to rescind it, and sue for a breach, or in a proper case, for a specific performance, or he may assent to its abandonment, and so effect a dissolution of the contract by the mutual and concurring assent of both parties. In that event he is simply restored to his original position, and can neither sue for a breach or compel a specific performance, because the contract itself has been dissolved. The same doctrine has been often applied to contracts for the sale and purchase of real estate. (*Lawrence* v. *Taylor*, 5 Hill, 114; *Battle* v. *Roch. City Bank*, 3 Comst. 88; *Morange* v. *Morris*, 3 Keyes, 50; *Tice* v. *Zinsser*, 76 N. Y. 552; *Bigler* v. *Morgan*, 77 id. 318.) In some of these cases it was held that money paid upon the contract could be recovered back as money had and received to the plaintiff's use; which action proceeds on a right to disaffirm or rescind the agreement or treat it as abandoned. A necessary qualification of the rule, always to be kept in view, is well stated in *Dubois* v. *The Delaware and Hudson Canal Co.* (4 Wend. 290), where

SICKELS — XLII.          59

the learned judge says that "every breach of a special agreement by one party does not authorize the other to treat it as rescinded; but there are some breaches that do amount to an abandonment of it;" and the court — further holding that there is no precise rule which, when applied to the breach of a contract, certainly settles the question whether it is abandoned or not — in the end state the law to be " that if the act of one party is such as necessarily to prevent the other from performing on his part according to the terms of the agreement," the contract may be considered as rescinded. While, therefore, a mere neglect to perform might sometimes amount only to a breach, and fall short of an election to abandon, which the assent of the other party might make effective, a positive and absolute refusal, a deliberate repudiation of the stipulations of the contract, gives to the other party as an alternative remedy the right to assent to such abandonment and treat the contract as dissolved. In the present case such refusal was proved. The defendant undertook to repudiate the contract and at the same time hold the possession under it and by virtue of it. If the plaintiff could have stood upon the contract and compelled performance or recovered damages for the breach, she was not bound to adopt that remedy, but had the right to bring ejectment to recover back her land. In so doing, and giving the preliminary notice to surrender possession, she too gave her assent to the abandonment of the contract, and the parties who made it having thus by mutual assent rescinded it, its vitality was gone, and it ceased to exist. Neither party, thereafter, could invoke its terms or protection as against the other; and the plaintiff was at liberty to maintain ejectment to recover the possession of the land to which she had a legal title. (*Jackson* v. *Moncrief*, 5 Wend. 26; *Wright* v. *Moore*, 21 id. 230; *Pierce* v. *Tuttle*, 53 Barb. 167.) This view of the attempted defense answers the contention of appellant that neither party could rescind without first tendering performance. - The question is not of a rescission by one, but of an abandonment by both. A contract may be rescinded and purchase-money recovered back on the failure of one party to per-

form, even though the other party could not have performed. (*Bigler* v. *Morgan, supra.*)

A further ground of reversal is urged, because a strip one and one-half rods wide along Jones' west line is included in the recovery. The referee draws our attention to the fact that Jones' west line is the eastern boundary of the plaintiff's deed, and therefore includes this strip as part of the thirty acres. If it was excluded, the north line would be pushed further north to make the full thirty acres, to which plaintiff was entitled. The judgment gives her no more than the full quantity, and we think the strip was properly included.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.