## COOK v. ADAMS.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

1. MORTGAGES—CONTRACT TO PAY TAXES AND INTEREST—ENFORCEMENT.

An owner of real property, to whom it had been conveyed subject to certain mortgages and taxes, agreed with the mortgagee to assume and pay the taxes on specified dates, and the interest on the mortgages, in consideration of the latter's agreement to refrain from foreclosing his mortgage unless default was made in the payments thus provided for. *Held*, that the mortgagee was not thereby put to an election, upon the owner's default, to either sue for breach of this contract, or to treat the agreement as rescinded and to foreclose, but that, even after beginning foreclosure proceedings, he might hold the owner to his absolute agreement to pay the taxes and interest.

2. CONTRACT—MERGER.

As a result of subsequent negotiations, the owner conveyed the property to the mortgagee, by a deed from which the clause rendering it subject to the mortgages and unpaid interest and taxes was erased upon the grantee's demand. Thereafter the grantee paid the taxes and interest on a prior mortgage, and brought an action against his grantor to recover the same, under the prior agreement. *Held*, that the agreement was neither superseded by, nor merged in, the subsequent deed.

3. PAROL EVIDENCE.

In an action by a grantee against his grantor upon an agreement prior to the conveyance, and binding the latter to pay certain taxes and mortgage interest, the evidence of the lawyer who prepared the deed as to what occurred at the time of its execution, and as to the erasure therein of the

subject clause, is admissible to show the intention of the parties,—as, for instance, that the grantee did not intend to supersede the prior agreement, or to have it merged in the deed.

Appeal from trial term.

Action by George H. Cook against George B. Adams. From a judgment entered on a verdict directed by the court, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles H. Otis, for appellant.

George W. Wingate, for respondent.

GOODRICH, P. J.   The plaintiff brings this action upon an agreement, dated July 14, 1896, relating to certain premises known as the "Vendome," an apartment house, of which the defendant had taken a conveyance from one Roberts and wife, dated April 16, 1896,— "subject, however, to three mortgages, aggregating $70,000, now liens on said premises, and taxes for 1894 and 1895." These mortgages were: The first, for $45,000, held by the Union Dime Savings Bank of New York; the second, for $21,000, held by Fannie B. Cook, the sister of the plaintiff; and the third for $4,000, held by the plaintiff. The last two mortgages had the usual tax clause, providing that the mortgage should become due for nonpayment of taxes, and the plaintiff notified the defendant that he intended to foreclose his mortgage for the omission to pay the taxes of 1894 and 1895. Thereafter a written agreement was made between the parties, reciting Cook's ownership of the mortgage and Adams' ownership of the premises, nonpayment of the two years' taxes, the request of Adams that Cook refrain from foreclosing the mortgages held by himself and sister, and providing that:

"Adams hereby assumes all taxes, assessments, and water rates now due, or to become due hereafter during the year 1896, and promises to pay the same as follows: At least one year's taxes on or before Nov. 15, 1896; one year's taxes on or before May 1, 1897,—and in the meantime to pay promptly interest on said mortgages when due. In consideration whereof, said Cook agrees that he will refrain from foreclosing his said mortgage unless default is made in the payments provided for in this agreement, or unless the parties holding the first mortgage should begin foreclosure proceedings on their first mortgage, in which case said Cook shall be at liberty to foreclose his mortgage as though this agreement had not been made."

Adams failed to pay "one year's taxes on or before Nov. 15, 1896," as provided in said agreement; and on December 31, 1896, Cook began a suit for the foreclosure of his $4,000 mortgage, and obtained an order appointing a receiver of the rents of the premises. On February 5, 1897, further negotiations were had between the parties, resulting in the execution of a deed of the premises to Cook. This deed, as originally prepared, contained, at the end of the habendum clause, the words, "Subject to all mortgages and unpaid interest, and to all taxes, assessments, and water rates, which are now liens upon the premises hereby conveyed." These words were erased, the counsel for Cook refusing to accept the deed with the clause in it, and notifying Adams' attorney that he intended to sue

Adams and collect the taxes under the agreement; and a few days later the deed was executed and accepted with the clause erased. Subsequently, in October, 1897, Cook paid the taxes of 1894, 1895, and 1896, and the water rate of 1896, amounting in all to $3,984.52, and also the interest on Fannie Cook's mortgage, $210,—the payments amounting in all to $4,194.52; and he brings this action to recover the amount thus paid, with interest. Each party moved for the direction of a verdict, and the court directed a verdict for the plaintiff. Upon this a judgment was entered from which the appeal is taken.

The defendant contends that by the agreement of July 14th the plaintiff was put to his election whether he would sue him for breach of his contract to pay one year's taxes on or before November 15, 1896, or treat the agreement as rescinded, and foreclose his mortgage, and that, having elected to foreclose, he was bound by his election, and had waived his cause of action upon the promise of the defendant to pay the taxes. We do not so construe the contract. The defendant, being the owner of the property, in and by the agreement assumed and agreed to pay the taxes and water rates due or to become due, and the interest on the two Cook mortgages when it became due. It may be that this agreement was made for the reason that Adams had received a conveyance of the property subject to such incumbrance, and had not assumed the payment thereof. The agreement was an express and distinct contract to assume and pay such incumbrance. If it had been contained in the deed to Adams, there is no question that the present action would lie; and it makes no difference that it was contained in a separate contract, provided there was consideration for the making of the promise. This consideration is found in Cook's agreement to refrain from foreclosing his mortgage unless Adams failed to pay the taxes. The agreement to assume and pay taxes is complete in itself. No part of the agreement confines Cook to an election to treat the agreement to pay taxes as rescinded, and exercise an election to sue upon this contract or foreclose his mortgage. Nor was his proceeding to foreclose the mortgage such an election. In Graves v. White, 87 N. Y. 463, 465, it was held that there is "a foundation common to all contracts, that two persons who are competent to make a contract are competent to waive or abandon it, and, where both concur in such waiver or abandonment, their united assent dissolves the contract, and the rights of each under it are ended." But in the present action there was no united assent dissolving the contract. On the contrary, when Adams gave Cook a conveyance of the property, the latter insisted upon, and the former assented to, the striking from the conveyance of the condition that the deed was taken subject to the taxes. Hence there was never any waiver by Cook of his right of action against Adams for the breach of contract to pay the taxes and interest. It is only where there is an election between inconsistent remedies that election of one remedy is final against the existence of the other. Terry v. Munger, 121 N. Y. 161, 168, 24 N. E. 272; Stewart v. Huntington, 124 N. Y. 127, 26 N. E. 289. There is no such inconsistency in the present action.

The defendant further contends that the agreement of July, 1896, was "superseded by, and merged in," the deed of February, 1897. If the word "merged" can be properly used in reference to this transaction, it is clear from the evidence that there was no intention on the part of Cook that there should be any merger of the agreement in the deed. The question of merger depends upon the intent of the parties. Ger. Tit. Real Est. p. 194. The contrary intention appears from the testimony as to the striking out of the "subject" clause, and the subsequent execution by Adams of the deed with that clause erased, and by the conversation had at the time of that transaction. As to the "superseding" of the agreement, the same evidence shows that there was no agreement by Cook to abandon his action for breach of contract for Adams' contract to pay taxes by the acceptance of the deed. As both parties moved the direction of a verdict, we must assume this to be the effect of the evidence.

The defendant also objected to the admission of the evidence of Mr. Hodgskin, the lawyer who prepared the deed from Adams to Cook, as to what occurred at the time of the execution of the deed, and as to the erasure of the subject clause. He cites authorities relating to the principle that parol evidence may not be given to vary the terms of a written instrument. The evidence was admissible to show the intention of the parties,—for instance, that the plaintiff did not intend to supersede the agreement of July 14th, or to have that agreement merged in the deed,—and for either purpose it was admissible.

We think the direction was proper, and that the judgment should be affirmed. All concur.