### RANDOLPH v. FIELD. (No. 6565.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

1. HUSBAND AND WIFE (§ 279*)—AGREEMENT FOR SEPARATE MAINTENANCE—
RESCISSION.

Where husband and wife, living apart, make an agreement for her separate maintenance, and the husband repudiates it, a suit for divorce by the wife, and her acceptance of alimony and counsel fees therein, is not only an assent to the husband's repudiation, but a repudiation by her of the contract, and the contract is dissolved by mutual consent.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1054, 1056–1060; Dec. Dig. § 279.*]

2. HUSBAND AND WIFE (§ 279*)—AGREEMENT FOR SEPARATION—ADULTERY.

Adultery on the part of the wife, living apart from her husband, does not relieve a husband from his contract to pay a sum weekly for her support, whether committed prior or subsequent to the agreement.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1054, 1056–1060; Dec. Dig. § 279.*]

Appeal from Appellate Term, First Department.

Action by Mary Randolph against Armstaed W. Field. Judgment in the City Court of New York, overruling demurrers to the answer, was reversed by the Appellate Term (84 Misc. Rep. 403, 146 N. Y. Supp. 247), and defendant appeals by permission. Affirmed in part, and reversed in part.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

William Travers Jerome, of New York City, for appellant.
M. M. Leichter, of New York City, for respondent.

McLAUGHLIN, J.   The parties to this action were, on January 12, 1911, husband and wife, living separate and apart.   The plaintiff, since that time, by decree of the Supreme Court, has resumed her maiden name.   On the day named the defendant, as party of the first part, plaintiff, as party of the second part, and one Sawyer, as trustee for the plaintiff, party of the third part, entered into an agreement, copy of which is annexed to and made part of the complaint.   This agreement provided, after reciting that the husband and wife were then living separate and apart, that neither party should sue or molest the other for so doing, and—

"that the said party of the first part shall and will well and truly pay or cause to be paid, for and towards the better support and maintenance of his said wife, the sum of fifteen dollars ($15.00) per week, which the said party of the first part hereby promises and agrees to pay to the said trustee for such purpose, and which sum the said party of the second part does hereby agree to take in full satisfaction for her support and maintenance and all alimony whatever."

This action was brought in the City Court of the City of New York to recover certain installments alleged to be due under the agreement; the complaint stating that the defendant had failed and refused to pay the agreed sum to the plaintiff for the respective periods from about May 3, 1911, to July 8, 1911, and from April 29, 1912, to the commencement of this action, and demanded judgment for $1,000.   The defendant interposed an answer, which set up two complete and two partial defenses.   The plaintiff demurred to each defense, on the ground that it was insufficient in law upon the face thereof.   The demurrer was overruled as to the first, third, and fourth defenses, and sustained as to the second.   An interlocutory judgment was entered to this effect from which, so far as it affected the overruled demurrers, the plaintiff appealed to the Appellate Term.   That court reversed the judgment appealed from, and sustained the demurrer to the first, third, and fourth defenses.   The defendant, by permission, appealed to this court.   The appeal presents the question as to the sufficiency of the defenses to which demurrers were sustained by the Appellate Term.

[1]   The first defense alleges, in substance, that on or about the 12th of May, 1911, the defendant wholly ceased and refused to make any of the payments provided for in the separation agreement, repudiated said agreement, and declined to be bound or obligated by it.   It further alleged that on or about July 1, 1911, this plaintiff instituted an action for separation against the defendant, in which he was ordered to pay to her counsel $250 for her benefit, and also pay to her $20 per week alimony for her support and maintenance during the pendency of the action (the order directing such payment is annexed to and made part of the defense here being considered); that,

pursuant to said order, defendant paid to plaintiff's counsel the sum of $250, and also paid to the plaintiff each week the sum of $20, up to the 29th of April, 1912; that, after the order referred to had been made, the defendant interposed an answer to the complaint, which is also made part of the defense here being considered. The defendant then alleges that, by her alleged acts and statements, plaintiff elected to and did accept and acquiesce in the repudiation by him of the separation agreement, and that it was thereby terminated by mutual consent, and became null and void.

This defense is predicated upon the rule that, when two persons are competent to make a contract, they are competent to waive or abandon it; that when they both do concur in such waiver or abandonment their united assent dissolves the contract, and the rights of each under it are at an end. Graves v. White, 87 N. Y. 463. The first defense, I think, comes within this rule. It is alleged that the defendant repudiated the agreement and refused to make the payments provided for therein. Any question which might arise as to whether the defendant's refusal to pay, under the separation agreement, were such a material breach of the contract within the intention of the parties as to amount to a repudiation, is set at rest by the complaint of this plaintiff in her action for a separation. She there specifically alleged that the defendant "ceased making payments thereunder and repudiated said agreement." It is equally clear that the plaintiff has assented to and acquiesced in such repudiation. Confronted with alternative of relying on the separation agreement for her support, or repudiating it and asserting her marital rights to be supported by her husband, she chose the latter course. If the separation agreement were, at the time she commenced her action for a separation, a valid and subsisting contract, upon which she relied for support, then she could not obtain support by way of alimony in such action, or successfully prosecute the same. Powers v. Powers, 33 App. Div. 126, 53 N. Y. Supp. 346. She, however, obviated any question as to her right to bring such action by pleading the separation agreement and its repudiation by the defendant. The institution of that action by her was, I think, in legal effect, not only an assent to the repudiation by the defendant, but a repudiation of it upon her part. Her election was further indicated by her acceptance of a counsel fee of $250 and $20 a week alimony (which was $5 a week more than she could get under the agreement) during the pendency of the action, which was paid to her up to April 29, 1912.

The authorities cited by the respondent upon this point, I think, are clearly distinguishable from the facts here presented. It is not, of course, within the power of one party to a contract to terminate it; the consent of both is required. Nor can one of the parties to a contract of that kind, while it is in force, require alimony in an action for divorce or separation. Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Grube v. Grube, 65 App. Div. 239, 72 N. Y. Supp. 529. It may, however, by the assent of the parties to it, be terminated, and, once that is done, then the marital obligation of the husband to support his wife again comes into

existence. I think the facts here pleaded state a good defense, and that the court erred in sustaining the demurrer thereto.

[2] The third defense alleges acts of adultery by plaintiff prior and subsequent to the making of the separation agreement. As to the acts alleged to have been committed prior to the making of the separation agreement, it is contended, since such acts were unknown to the defendant, that they released him from all obligation to support the plaintiff, and, that being so, there was no consideration for the agreement. The agreement is silent as to the effect of the discovery of the adultery of either party prior to the execution. There is no allegation that the defendant was induced to enter into the agreement by reason of plaintiff's fraudulent representations as to her chastity, or the concealment of her adultery. To sustain this defense it must be assumed, as matter of law, that, had the defendant known the truth of what he alleges, he would not have entered into the agreement. That cannot be done. Nor do I think the allegation of plaintiff's adultery subsequent to the making of the agreement is a defense to the action. This view is in accord with the English rule. Fearon v. Earl of Aylesford, 14 Q. B. D. 792; Sweet v. Sweet, 1 Q. B. D. 12, 1895. See, also, 21 Cyc. 1597; Bishop on Marriage, Divorce and Separation, vol. 2, § 1282; Dixon v. Dixon, 24 N. J. Eq. 133.

The only authority opposed to this view, to which my attention has been called, is Roth v. Roth, 77 Misc. Rep. 673, 138 N. Y. Supp. 573, a decision of the County Court of Oneida county. The conclusion there reached, it seems to me, is erroneous, and opposed to such authorities as I have been able to discover. As was said in Galusha v. Galusha, supra:

"The wrongful act of the husband, then, did not of itself avoid even the marriage contract. Much less was it potent to affect a contract founded, not upon a promise to faithfully observe the marriage vows, but instead upon a legal obligation to support and maintain the wife."

The demurrer to the third defense, therefore, was properly sustained.

As to the fourth defense, the validity of this depends upon the same general considerations indicated as to the first. This defense alleges that the plaintiff, in bringing her action for a separation, repudiated the separation agreement, and the defendant has assented, and in this defense does assent, to her repudiation. An action simply for a separation may not, of itself, be such a breach of a separation agreement as to show an intent on the part of the plaintiff to repudiate it. But such intent is here clearly shown, because the purpose of the action, at least in part, is to obtain a provision for her support, which is destructive of the agreement making such provision. By the facts pleaded the defendant has accepted her repudiation, and permits the plaintiff thereby to stand upon her marital rights to be supported by him.

My conclusion, therefore, is that the Appellate Term was right in sustaining the demurrer to the third defense, and its determination as to that should be affirmed, but erred in sustaining the demurrers as to the first and fourth, and its determination in respect to those two defenses should be reversed, and the judgment of the City Court as to them affirmed. All concur.