## LAWSBERG v. LAWSBERG.

(Supreme Court, Appellate Division, Third Department.   January 18, 1916.)

HUSBAND AND WIFE ⬥281—SEPARATION AGREEMENT—REPUDIATION—ACTION ON AGREEMENT.

 A husband and wife compromised the wife's suit for separation and entered into a written separation agreement, whereby the husband was to pay the wife $200 per month for the support of herself and daughter; and the wife, in violation of the agreement, prevented the husband from seeing their daughter at all, and, on his refusal to make further payments, the wife, in violation of the agreement, brought an action for separation based on the acts alleged in the first action, and was granted a counsel fee. *Held*, that as the husband had repudiated the agreement, and as the wife had acquiesced in the repudiation by her action for a separation and her acceptance of the counsel fee, she could maintain no action on the agreement.

 [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. ⬥281.]

 Kellogg, P. J., and Woodward, J., dissenting.

Appeal from Trial Term, Columbia County.

Action by Dorothy Cabot Lawsberg against John William Lawsberg. From a judgment in favor of the plaintiff and against the defendant for the sum of $1,885.23, and also from an order denying defendant's motion to set aside the verdict, he appeals. Judgment and order reversed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Henry A. Friedman, of New York City (Charles L. Hoffman, of New York City, of counsel), for appellant.

Jerome, Rand & Kresel, of New York City (Isidor J. Kresel and George F. Lewis, both of New York City, of counsel), for respondent.

HOWARD, J.   The parties are husband and wife.   Differences having arisen between them, the wife brought suit for separation, the venue being laid in Westchester county.   This action was subsequently compromised and settled, and a written separation agreement was entered into.   One of the conditions of this agreement was that the husband was to pay to the wife $2,400 annually for the support of herself and daughter, payable monthly, $200 on the 1st day of each month. The husband having failed to pay several of these monthly installments, this action was brought by the wife to recover the same.

There were two children of the marriage, a son and a daughter.   By the terms of the separation agreement the custody of the daughter was given to the mother, but the father was to be permitted to have the daughter in his custody for a day at a time at such dates and places as might be agreed upon.   The separation agreement was made April 12, 1913, but for one reason or another, and based upon various excuses, the plaintiff managed to prevent the defendant from seeing the daughter at all after the day of the contract.   The defendant made his monthly payments regularly until January 1, 1914, at which time,

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

reaching the conclusion, apparently, that the plaintiff intended to, and in fact had, repudiated the agreement, he refused to make any further payments.

On February 25, 1914, the plaintiff began an action in Kings county for a separation. One of the conditions of the separation agreement was that she was not to bring any action based upon the acts alleged in the first action. The parties had not lived together since the institution of the first action, so that it follows from the nature of the allegations in the second action that it was based upon the same acts alleged in the first action. In the complaint in the second action she demanded the custody of both children, and afterwards she applied to the court for alimony and counsel fee. The alimony was denied, but a $250 counsel fee granted. In September following the plaintiff began this action. At the close of the plaintiff's case the defendant moved for a dismissal of the complaint. This was denied. The defendant introduced no evidence, and the case went to the jury, and a verdict was rendered for the full amount of the unpaid installments.

In considering the motion for a nonsuit, the question arises whether the action on the separation agreement can be maintained. We think it cannot. Whatever may be the merits of the controversy as to the failure of the plaintiff to permit the defendant to see his daughter, it is apparent that the defendant, being exasperated, finally concluded to repudiate the agreement; and it is equally apparent that the plaintiff considered that he had repudiated it. Being convinced of this, the plaintiff acquiesced in the repudiation and fell back upon her marital rights; that is, recognizing that she could not obtain redress upon both contracts, the separation agreement and the marriage contract, she abandoned the former and chose the latter. Randolph v. Field, 165 App. Div. 279, 150 N. Y. Supp. 822, is a case exactly in point. There the court said:

"The institution of that action (a separation action) by her was, I think, in legal effect, not only an assent to the repudiation by the defendant, but a repudiation of it upon her part. Her election was further indicated by her acceptance of a counsel fee of $250. * * * "

The separation agreement being dead as a result of its repudiation by both parties, it follows that no action can be based upon it. Therefore the nonsuit should have been granted.

The judgment and order appealed from should be reversed, and the complaint dismissed, with costs. All concur except

JOHN M. KELLOGG, P. J. (dissenting). By the terms of the separation agreement the custody of the daughter was given to the mother, but the father was to be permitted to have the daughter in his custody "for a day at a time, on such dates, and at such places, and under such circumstances, and in such surroundings as the parties or their attorneys may from time to time agree upon, or, in case they are unable to agree, then as directed by the court." If the parties did not agree as to the conditions under which the girl should be with the father, it was not a breach of the contract. Such disagreement was fairly within the view of the contract, and it was left for

the court to determine that matter. We find, therefore, that the plaintiff did not break the agreement in that respect. The defendant neglected to make the payments provided for by the agreement, and in that respect was the first party to breach it.

The appellant contends that this action cannot be maintained, as the plaintiff, after the breach of the agreement, brought another action for separation upon the same cause of action, and thereby irrevocably elected an inconsistent remedy, and he relies upon Randolph v. Field, 165 App. Div. 279, 150 N. Y. Supp. 822, which at first sight seems to sustain his contention to quite an extent. There are, however, broad distinguishing features between that case and this. There the complaint in the action for separation alleged that the defendant had repudiated the agreement, and indicated clearly that she elected to treat the agreement at an end, and to rely upon her marital rights instead of upon the agreement. The court evidently considered that her election to treat the agreement as at an end was reasonable, and that she could obtain her rights in the action for separation. Here the agreement of separation contained this provision:

"Neither of the said parties of the first and second part shall bring any action or proceeding against the other, based upon any of the acts or misconduct which are alleged in the pleadings in the pending action between them, which is now to be discontinued, and to have heretofore taken place on the part of either of said parties."

This provision was undoubtedly inserted in the contract for a purpose. The action for separation was settled, but if either party broke the agreement we may assume, without deciding, within Randolph v. Field, supra, that the other party, in the absence of this provision, might have renewed the action. This clause in the contract could only be given effect if one of the parties violated the agreement. It shows that the old action and the cause of action were by the contract obliterated, and that the rights of the parties must rest upon the agreement itself, or upon facts occurring thereafter. When the defendant violated the agreement upon his part, plaintiff had an election of remedies—either to sue upon the agreement itself, or to go to the erring husband and claim her support, and, if he refused it, to bring another action for separation based upon such refusal. She could not, however, go back to the original cause of action, which had been settled and canceled by the agreement.

By the marriage the husband became absolutely charged with the duty of supporting his wife, and they could make no agreement relieving him from that obligation. Such an agreement would be against the public policy of the state. While she remained a faithful wife, she could do no act, or make any contract, which would deprive her and the public of the right to insist that he must support his wife. If she could not lose that right by a direct contract, she cannot lose it by her indirect action. Where husband and wife have actually separated and cannot live together, an agreement of separation may be made by which the husband is to provide for her support, and the court, if it is satisfied that the agreement was understandingly made and that the circumstances make it proper, will treat it as valid and give

it force. This agreement of separation, made in settlement of an action for separation, was apparently understandingly made, and·seems to be reasonable, and should be given full force and effect. It being the only means defendant had provided for plaintiff's support, the court will not allow it to be· abrogated, except by an arrangement un· derstandingly made, which tends to bring about her support. It cannot be abrogated by indirection. She cannot be deprived of her only means of support by a mistake of her lawyer. After the defendant has failed to keep the agreement made for plaintiff's maintenance, if she was over-zealous and sought too many remedies, she cannot there· by lose all reasonable claim for support.

The parties are not before the court as strangers. They are husband and wife, and the question involved is whether he has performed his duty of supporting her. They have made a proper agreement that her support shall be furnished by a monthly payment to her. That agreement must stand until defendant provides some other adequate means for her support, with her approval, or until the courts otherwise direct. Strangers who are dealing with each other at arm's length must pursue their remedies understandingly, and by an election of one remedy a party deprives himself of the advantage of another inconsistent remedy. But that does not apply to an action of this kind between these parties. The plaintiff cannot elect to waive her support, any more than she can contract to do so. She can only lose her support under this agreement by an act understandingly done which results in otherwise securing it to her. She cannot, however, ask the court to go in different directions at the same time. She cannot pursue two inconsistent remedies—one based upon the theory that the contract is in existence, and another upon the theory that there is no contract. When she seeks to avail herself of both remedies at the same time, the court must stay one action until the other is determined, and if she fails in one the fact still remains that the defendant is her husband, and owes to her and the public the duty of supporting her.

There is grave doubt whether the second action for separation can bring about any practical advantage to the plaintiff. It is evident that she must rely upon the separation agreement, or upon the failure of the defendant after the breach of it to receive and maintain her as his wife. It may be that her attorney, concluding that there was a doubt about the defendant's financial responsibility, may have felt that a judgment of separation could be enforced by proceeding for contempt, and he may have felt that that was the better proceeding for the plaintiff to take. But he made a mistake. The contract deprives her of that right, as the cause of action was extinguished by it. She has brought an action for separation without merit, but has not elected between two remedies available to her.

As we have said, if she cannot release her husband from the obligation by contract, her attorney cannot do so by a mistake. We are not hampered by the pleadings. A court of equity is always interested in seeing that the rights of the wife are observed by the husband, and has always exercised a peculiar jurisdiction over the marriage relation and the parties thereto, when disputes arise as to the support and

maintenance of the wife. When the wife brings a husband into the Supreme Court on the allegation that he is failing to support her, and he denies the obligation, her complaint and his answer put in exercise all of the powers of the court; and when the facts are known the court may make such judgment as justice and equity require. The parties having agreed that $200 a month is a reasonable sum for her to receive and for him to pay for her support, the judgment in question only calls upon him for that payment. Concededly he owes to the public and to her the duty of supporting her, and a reversal of this judgment upon technical grounds would seem unnecessary, and a violation of the rule that upon appeals we are to disregard technical errors and decide according to the justice and merits of the controversy.

It is the policy of the law to avoid unnecessary litigation. The reversal of this judgment only invites and makes necessary further litigation between these parties. Her acts, resulting from the mistake of her attorney, should not interfere with the provision for her support which the parties have agreed upon, and which the court deems reasonable. By the reversal of this judgment we are sacrificing substance to form. The trial court should have required as a condition of the hearing of this action that the action of separation be discontinued, and that the allowance of counsel fees made in that case should be credited upon the amount due upon the separation agreement, and upon the filing of such stipulation should have given the plaintiff judgment for the balance due on the agreement. The situation seems to require that this judgment be reversed, with costs to the appellant to abide the event, with the direction that the trial of the action be stayed until the termination of the action for separation, unless the plaintiff files a stipulation discontinuing that action and consenting that the counsel fees paid by order of the court shall be treated as a payment upon the judgment; and if such stipulation is filed within 20 days from the entry of the order, then the judgment should be so modified, and, as modified, affirmed, with costs.

WOODWARD, J., concurs with KELLOGG. P. J.