(172 App. Div. 758)

### LANDES v. LANDES.*

(Supreme Court, Appellate Division, First Department.   May 26, 1916.)

HUSBAND AND WIFE ⬥279(2)—SEPARATION AGREEMENT—BREACH—ACTION.

 Where the wife breaks a separation agreement and brings an action for separation in derogation of it, her repudiation leaves open the entire question of her right to a separation and support; the court not being ousted of jurisdiction, what she may have received under the agreement being matter for consideration when the court comes to make its decree awarding alimony.

 [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. ⬥279(2).]

 Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Augusta Landes against Leonard Landes.   From an order denying defendant's motion for judgment on the pleadings, consisting of complaint and answer, defendant appeals.   Order affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Charles Goldzier, of New York City, for appellant.
Max D. Steuer, of New York City, for respondent.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*For opinion on motion to dismiss complaint, see 159 N. Y. Supp. 586.

SCOTT, J.    I am for affirmance of this order, upon the ground that, whether or not the agreement between the parties was valid, the complaint shows that it has been broken by the defendant, and the plaintiff has now brought an action in derogation of it, which is equivalent to a repudiation of it on her part.    That leaves open the entire question of her right to a separation and to support.    What she may have received under the separation agreement is a matter to be considered when the court comes to make its decree awarding alimony.

The order appealed from should therefore be affirmed, with $10 costs and disbursements.    Order filed.

McLAUGHLIN and LAUGHLIN, JJ., concur.

CLARKE, P. J.    Whatever effect the separation agreement may have upon the question of alimony, it does not oust the court of jurisdiction to entertain a separation action.    I therefore concur in the affirmance of this order.

LAUGHLIN, J., concurs.

DOWLING, J.    I dissent, upon the ground that there was a valid outstanding agreement of separation between the parties, under which the plaintiff had received and still retains property belonging to the defendant; that said agreement was never canceled or repudiated by the defendant, but he simply failed to make payments thereunder for a period of time; and that plaintiff is in no position to claim that the agreement can be repudiated by her until she has tendered back the property received by her thereunder.    With such a valid outstanding separation agreement between the parties, there can be no action brought for a separation.    Randolph v. Field, 165 App. Div. 282, 150 N. Y. Supp. 822.