### MARTHA B. ROSENBLATT, Plaintiff, *v.* HARRY ROSENBLATT, Defendant.

Supreme Court, Monroe Special Term, February 11, 1924.

Husband and wife — action for separation — separation agreement made while parties are living together is attacked on ground of inadequate consideration, fraud and duress — wife entitled to alimony and counsel fee.

Alimony and counsel fee will be granted to a wife in a separation action although a separation agreement exists, where there is a reasonable basis for the action and where the agreement is attacked on the ground of inadequate consideration, fraud and duress, and because made while the parties were living together as husband and wife.

MOTION by plaintiff for alimony and counsel fee.

*James O. Sebring,* for the plaintiff.

*David N. Heller,* for the defendant.

RODENBECK, J. Where there is a separation agreement and an action for separation is thereafter brought and an application is made for alimony and counsel fee, it seems to me that the only sound rule is to let the question of the plaintiff's right to temporary pecuniary assistance from her husband rest upon the nature of the facts involved. Of course a separation action cannot be maintained if the agreement is not attacked and no allowance for alimony and counsel fee can be made. *Drane* v. *Drane,* 201 N. Y. Supp. 756; *Greenfield* v. *Greenfield,* 161 App. Div. 573, 576. If it is clear that the agreement has been broken by the defendant the institution of a separation action is a repudiation by the plaintiff and she is under those circumstances entitled to relief. *Randolph* v. *Field,* 165 App. Div. 279, *Landes* v. *Landes,* 172 id. 758; *Lawsberg* v. *Lawsberg,* 171 id. 354. If it appears that the provision made for the support of the wife is inadequate or that it was made while they were living together, the wife would be entitled to repudiate it and to commence an action for separation. If it is evident that the defendant

is chargeable with fraud or duress in obtaining the agreement the wife would be entitled to sue under her marital contract and to obtain support pending the trial of the action. In every application for alimony and counsel fees there are questions of fact that the court must pass upon before granting or disallowing the application. The mere fact that the issues attack the validity of a separation agreement is not of sufficient importance to deprive the court of its power to pass upon the basis of the application. In making an allowance the court does not determine the issues but merely examines the questions involved sufficient'y to determine whether or not the wife is entitled to pecuniary relief. It seems to me that the safer rule is to require the court to pass upon the merits of the appl cation according to the circumstances in each case rather than to say that the issues involved cannot be tried out by affidavits. *Landes* v. *Landes, supra.* See *Randolph* v. *Field, supra; Lawsberg* v. *Lawsberg, supra.* In this instance the agreement is attacked on the ground that it was made while the parties were living together and because of fraud and duress in its consummation but in addition thereto it appears on its face to provide inadequate support for the plaintiff and her two children. The sum of $1,500 is all that is allowed to her for the term of her natural life and for the support of the children and it is a simple matter to estimate what annual amount this provides for her expectancy of life.

An allowance of $15 a week should be made for alimony, payable from the time of the making of this motion, and a counsel fee of $150 payable within ten days from the service of an order n accordance herewith.

Ordered accordingly.