CECILE AIGNER, Plaintiff, *v.* ROBERT AIGNER, Defendant.

Supreme Court, Monroe Special Term, February 11, 1924.

**Husband and wife — action by wife for separation — claim by wife that separation agreement had been broken by husband and mutually abandoned — basis for separation action is reasonable — allowance made for alimony and counsel fee.**

Alimony and counsel fee will be granted to an impecunious wife in a separation action, although a separation agreement exists, where there is a reasonable basis for the action and for the claim that the separation agreement was broken by the husband and had been mutually abandoned.

MOTION by plaintiff for alimony and counsel fee.

*Hampton H. Halsey,* for the plaintiff.

*Nicholson & Knowles,* for the defendant.

RODENBECK, J. This case presents the question of an allowance for alimony and counsel fee where the wife has entered into a separation agreement which she claims has been broken by her husband and which she now repudiates and falls back upon her marriage contract to secure her right to temporary support and expenses pending this action. This relief is accorded to her by statute unless she has entered into a valid agreement making adequate provision for her support which has been observed by her husband. But these agreements are not all valid and they are not all kept and where they are invalid for an insufficient consideration or for fraud or duress or are broken the court will treat the rights of the parties under the circumstances the same as similar situations are considered under other contracts except that the contracts and relations of the parties will be construed in the light of the obligation of the husband always adequately to provide for his wife while the marriage contract exists.

On these applications for alimony and counsel fee there are always questions of fact as to the right of the wife to such relief which must be passed upon temporarily pending the trial of the issues and the tendency is to provide such relief even though there be a sharp issue upon the merits of the case raised by the affidavits because of the obligation of the husband to support his wife, the inability usually of the wife to prosecute or defend herself if such relief is not afforded and the general interest of the community in the marriage relation. This rule should apply even in cases where a separation agreement has been made which appears on its face to provide inadequate support or which is attacked as invalid for fraud or duress or because the parties were living together.

An inflexible rule that the question of the validity of the agreement will not be determined upon affidavits is contrary to the general practice of passing upon other questions which are involved in the actions and is impracticable when the agreement provides the wife with inadequate support or the husband refuses to make the payments under the agreement for some alleged violation by the wife.

This case falls under the head of that class of cases in which allowances have been made where the husband is alleged to have broken his contract (*Landes* v. *Landes*, 172 App. Div. 758. See *Randolph* v. *Field*, 165 id. 279; *Lawsberg* v. *Lawsberg*, 171 id. 354), although the contract was apparently valid in its inception. In this case the consideration seems to me to be inadequate and there is enough basis for the claim of violation of the agreement by the husband to justify an allowance for the wife's support and for counsel fee.

Allowance of $25 a week for the support of the wife, dating from the return day of this application, and $250 for counsel fee, to be paid within ten days after service of a copy of the order.

Ordered accordingly    .