MARTHA B. ROSENBLATT, Respondent, *v.* HARRY ROSENBLATT, Appellant.

Fourth Department, May 21, 1924.

**Husband and wife — separation — temporary alimony and counsel fees not granted in separation action where valid separation agreement exists and plaintiff does not seek to set it aside — facts presented will not justify award for support of children.**

In an action by a wife for separation, temporary alimony for the support of herself and children and counsel fees should not be granted, where it appears that a separation agreement, which is valid and subsisting, was entered into by the parties prior to the commencement of the action, whereby the defendant paid the plaintiff $1,500 for the support of herself and her children in lieu of her rights as his wife; that the plaintiff still has in her possession the amount so paid; and that she does not seek to set aside the separation agreement, although she alleges that she was compelled to sign it by force and threats.

*It seems*, that the court would have power to make an allowance for the maintenance of the minor children notwithstanding the separation agreement is in force and the plaintiff does not seek to set it aside, if the moving papers warranted such action, but in this case such an allowance would not be permissible, since it appears that the plaintiff still has the money paid to her under the separation agreement and there is no proof that she is impoverished and unable to care for the children.

APPEAL by the defendant, Harry Rosenblatt, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Steuben on the 18th day of February, 1924, allowing temporary alimony and counsel fees in a separation action.

*David N. Heller*, for the appellant.

*Sebring & King* [*James O. Sebring* of counsel], for the respondent.

CLARK, J.:

The parties to this action are husband and wife.   In her prayer for relief plaintiff asks for temporary alimony for the support of herself and three minor children during the pendency of the action, and for counsel fees, and also for a limited divorce or separation, and for the custody of her minor children and permanent alimony.

In her complaint plaintiff alleges, among other things, that while the parties were still living together," by force, threats and duress " defendant compelled her to sign a separation agreement, by the terms of which defendant was to pay her $1,500 for the support of herself and two of her children, and that said $1,500 was to be in lieu of all her rights as a wife and that she was to maintain, care for and support their two younger children.

Plaintiff does not ask that this separation agreement be canceled or set aside, but does ask for a separation because of defendant's alleged cruel and inhuman treatment.

While it is true that a complaint is not always to be tested by the prayer for relief, and it might possibly be claimed that under the general prayer for relief in the complaint in the instant case plaintiff if the evidence warranted it would be entitled to have the separation agreement set aside, still it is quite evident from her prayer for relief that her primary purpose was to recover alimony and counsel fees, and have a decree of separation without having it adjudged that the existing separation agreement be set aside.

By his answer defendant denies all charges of cruelty and fraud in obtaining the separation agreement, and pleads that at the time said agreement was made, August 14, 1923, the parties were living separate and apart, and were thus living at all times thereafter.

The answer also sets forth that defendant has duly performed all the conditions of said separation agreement on his part to be performed, and has paid plaintiff the full sum of $1,500 agreed to be paid by him for the purposes named in said agreement, and that plaintiff has accepted and retained the same and has not returned, or offered to return, any part of said money, and that the separation agreement has never been rescinded or set aside by any court, but that it is in full force and effect.

It will be noticed that after the separation agreement was made and defendant had fully complied with its terms by paying to plaintiff the amount the parties had agreed upon, plaintiff within four months commenced this action asking for additional allowances.

If the separation agreement referred to in the pleadings was at the time plaintiff commenced this action a valid and subsisting contract, as claimed by defendant, then plaintiff could not obtain temporary support by way of alimony, or successfully prosecute this action. (*Powers* v. *Powers,* 33 App. Div. 126; *Greenfield* v. *Greenfield,* 161 id. 573; *Davis* v. *Davis,* 195 id. 430; *Benesch* **v.** *Benesch,* 182 id. 221.)

Plaintiff by bringing the action has attempted to repudiate the separation agreement, but defendant did not assent to that proceeding. He stands on the agreement, and has fully performed its

terms. Plaintiff alone cannot terminate the agreement. The consent of both parties is required. (*Randolph* v. *Field*, 165 App. Div. 282.)

Plaintiff's position is that she can retain the benefits she has received under the separation agreement, and then acting alone repudiate other parts of the agreement, and ask for additional allowance. This cannot be done. (*Johnson* v. *Johnson*, 206 N. Y. 561.)

Even though plaintiff under the facts and authorities above cited would be precluded from obtaining alimony and counsel fees while the separation agreement voluntarily entered into between the parties was still in force, and where plaintiff does not seek in her complaint to set it aside, it is possible that the court would have power to make an allowance for the maintenance of the minor children if warranted by the moving papers. But under the facts as presented even such an allowance would not be permissible. The agreement entered into between the parties provided that defendant was to pay plaintiff $1,500 for her support and the support of their two younger children. Plaintiff thereupon left defendant's home and moved to Corning, taking with her said children. Defendant paid the $1,500, and she retains it, and states in her affidavit " the only money or property she has is $1,500 given her by the defendant." She does not state that said money has been lost. On the contrary, she says in the affidavit that she has it, but that she has it in the form of a grocery store which she is now conducting, and which she paid for with this money.

The only supporting affidavit on the question of plaintiff's being impoverished is that of her attorney who testified on information and belief, and he evidently has no personal knowledge of her financial condition.

The order should be reversed, without costs, and the motion denied, without costs.

All concur.

DAVIS, J.:

The parties are now separated and have been for some time under a written agreement signed by them which recites that " said parties have been and are now living separate and apart." The defendant agrees therein not to molest, annoy or interfere with the plaintiff. If her action for a separation terminates successfully, she will naturally obtain no greater relief in respect to separation from her husband than she has obtained by this agreement.

Her manifest purpose in bringing the action is to obtain a larger provision for her support. If the contract between her and her

husband was not fair and is found to afford her inadequate support and was executed by her ill-advisedly and imprudently, she will be permitted to rescind the agreement upon making proper restoration. (*Hungerford* v. *Hungerford*, 161 N. Y. 550.) While the law looks favorably upon and encourages settlements made outside of courts between parties to a controversy (*Galusha* v. *Galusha*, 116 N. Y. 635), it will require on grounds of public policy that the measure of support agreed to be furnished by a husband therein for his wife and children shall be adequate. (*Tirrell* v. *Tirrell*, 232 N. Y. 224.)

The plaintiff does not seek herein to rescind the contract. She states that it is void and that her signature thereto was procured " by force, threats and duress." Although she obtained a substantial sum of money from the defendant very recently under the agreement, some of the avails of which she admittedly has at present, she seeks relief from the court for temporary needs on the assumption that the contract she made and under which she accepted benefits is not binding upon her.

A husband and wife may make a valid separation agreement. (*Winter* v. *Winter*, 191 N. Y. 462.) This contract is not void upon its face. The plaintiff has freedom of contract, and it is to be presumed that the contract represents her deliberate act. Asserting its invalidity because she was induced to enter into it by duress, the plaintiff must carry the burden of establishing that fact in this action. Such a contract is binding upon both parties unless set aside or impeached. (*Cain* v. *Cain*, 188 App. Div. 780, 782; *Matter of Warren*, 207 id. 793, 797.)

If the contract constitutes a valid, existing agreement between the parties, the plaintiff has no cause of action against defendant for separation and alimony in excess of the amount provided in the agreement. (*Benesch* v. *Benesch*, 182 App. Div. 221.) If for any reason not appearing on its face, the contract is invalid, that question cannot be determined on affidavits but only upon careful inquiry upon competent proof. (*Matter of Warren, supra; Davis* v. *Davis*, 195 App. Div. 430.)

In the meantime the plaintiff is not entitled to apply to the court for counsel fees and alimony in a separation action. It does not appear that the defendant has abandoned or repudiated the contract or refused to perform on his part, and thereby has furnished grounds for such application. (*Randolph* v. *Field*, 165 App. Div. 279; *Lawsberg* v. *Lawsberg*, 171 id. 354.)

Whether a wife who had made a separation agreement obviously inadequate in its provisions for her support, and had received payment thereunder, but was destitute and in need and unable to proceed with an action to set it aside without an allowance of counsel

fees and temporary alimony to relieve her necessities, would be entitled to relief from the court is a question not here presented, and, therefore, not decided.

I concur for reversal.

Order reversed, without costs, and motion denied, without costs.