PAULINE ZYSMAN, Plaintiff, *v.* JACOB ZYSMAN, Defendant.

Supreme Court, New York County, June 18, 1931.

*Hahn & Hahn* [*Demarest J. Hahn* of counsel], for the plaintiff.

*Panken & Levy* [*Matthew M. Levy* of counsel], for the defendant.

VALENTE, J. Plaintiff has instituted this action for separation, and upon this motion she is seeking to obtain alimony and counsel fees. Some years prior to the institution of this action she entered into a separation agreement with her husband and consented to discharge all claims for support in consideration of the sum of $2,000, which has been paid to her. She joins in her complaint a prayer that the separation agreement be set aside. Various objections are raised by the defendant to her right to relief upon this motion, based principally upon the antecedent history of the controversy between the husband and wife in this case and the legal adjustments made between them. As the questions raised are frequently misunderstood, and as they have given rise to decisions which are not always harmonious, it may not be out of place to review some of those points here as an aid in the solution of the problem presented.

The obvious purpose of a wife in bringing an action for separation, notwithstanding the existence of an outstanding separation agreement, is *first* to make the provisions for her support enforcible as a part of a judgment under sections 1171 and 1172 of the Civil Practice Act; *second,* to enable the wife to obtain maintenance where the provision in the separation agreement is inadequate, or where such agreement was brought about by unconscionable methods of the husband. In this State there is no statutory authority for an action for separate maintenance. Any relief in that direction must be obtained in a matrimonial action. (*Johnson* v. *Johnson,* 206 N. Y. 561.) And where a separation agreement has been entered into between the parties, the court may not modify it, either to increase the amount of the allowance because inadequate for the support of the wife, or excessive by reason of the husband's changed financial circumstances. Knowing this rule, plaintiff has adopted the form of action under consideration in order to obtain means which she deems adequate for her support, and further, knowing that the separation agreement while unassailed will measure the

amount of the financial allowance for her support, she attempts to have it set aside in the same action.

The first objection made by the defendant is that a separation action may not be maintained while the separation agreement is outstanding. This objection has been disposed of in *Landes* v. *Landes* (94 Misc. 486; affd., 172 App. Div. 758). In the opinion of the Appellate Division: " Whatever effect the separation agreement may have upon the question of alimony, it does not oust the court of jurisdiction to entertain a separation action." Furthermore, if the husband has breached the separation agreement it has been repeatedly held that the wife may maintain an action for separation if legal grounds for obtaining such separation exist, and in that event the court may determine *de novo* the amount of alimony to which she may be entitled. But in the instant case the husband has kept the conditions of the separation agreement, having paid over the full amount of $2,000 which he obligated himself to pay. Therefore, unless the separation agreement is set aside, it acts as a bar to her demand for alimony and counsel fees. She had indeed joined an action to set that agreement aside with her separation suit. Basing his views upon a dictum in *Galusha* v. *Galusha* (138 N. Y. 272), defendant maintains that it is improper to join a count for setting aside a separation agreement with one for separation. The observation in that case is as follows: " The plaintiff could not have united a cause of action for an absolute divorce with one for the annulment of the deed of separation. They do not both belong to the same class, and do not both affect the same parties." On the other hand, this observation must be judged in the light of the fact that the deed of separation was made with the intervention of a trustee, who was not before the court as one of the parties.

Under the modern rule, a husband and wife may enter freely into separation agreements without the intervention of a trustee, and such was the agreement in the case at bar. If a wife, in order to obtain adequate means for her support, should first be compelled to await the conclusion of an action to set aside the separation agreement before she could obtain adequate allowance for her support, much of the protection which the law gives her would be destroyed. In the decree setting aside the separation agreement no new allowance could be fixed. The amount of her support would have to be determined in a subsequent action for separation.

It would seem appropriate, therefore, to join in an action for separation a prayer, upon proper allegations of fact, that the separation agreement be declared invalid and set aside. While the averments in the complaint that defendant misled the plaintiff

into entering into this agreement or that she did not know what she was signing are weak, nevertheless in setting separation agreements aside the court is not limited to such facts as would authorize the rescission of an ordinary contract, facts such as fraud and duress. Improvidence of such a contract would seem to be sufficient to invoke the aid of the court in setting it aside. In *Tirrell* v. *Tirrell* (232 N. Y. 224), which was an action to rescind a separation agreement on the ground of the inadequacy of the provisions there made, the court said: " We are in accord with the findings of the trial justice above referred to and his conclusion that taking into consideration the circumstances of defendant, the provision made for the support and maintenance of plaintiff is unfair, inequitable and unjust." In *Harding* v. *Harding* (203 App. Div. 721; affd., 236 N. Y. 514) the court held as follows: " While defendant paid plaintiff $10,000, according to agreement, if because of ill health she has been unable to support herself, and has practically exhausted that fund, can it be said that defendant's obligation to support his wife has ceased, because he made such payment? We do not think so. His obligation to support his wife is a continuing one so long as that relation exists, and he ought not to be permitted to escape responsibility for her support even though he paid what he agreed to pay at the time the separation agreement was made." It is true that in setting aside such an agreement the court will compel the restitution of the unspent amount of consideration. But in the instant case it would seem that the amount there allowed by the husband as a lump sum settlement has already been spent.

While theoretically there would seem to be no obstacle in the way of granting a temporary allowance here, nevertheless, as the validity of the separation agreement is in question and the probability of the wife's success in setting it aside will have to be determined upon affidavits, this course should ordinarily not be taken in advance of the trial. In *Rosenblatt* v. *Rosenblatt* (209 App. Div. 373) a state of facts was presented very similar to the one here. The husband, under a separation agreement, had paid the wife $1,500 for the support of herself and her children, in lieu of all his obligations to maintain her and the children. The wife subsequently brought an action for separation on the ground of cruelty and moved for temporary alimony. The court denied the motion, holding that the separation agreement was lawful in form and apparently valid, and while it remained unrevoked it was controlling on the question of allowance to plaintiff for her support. If upon the trial of the action plaintiff should establish to the satisfaction of the trial court facts which would justify the cancellation of the contract, then and not till then would she be in a position to ask

for an allowance for alimony and counsel fees. But the validity of the separation agreement cannot be determined on affidavits. (*Drane* v. *Drane*, 207 App. Div. 217; *Galusha* v. *Galusha*, 138 N. Y. 272.) That case might be distinguishable, because the complaint contained no prayer that the separation agreement be canceled, although facts were alleged which would justify such a demand for relief. On the other hand, there are no exceptional circumstances in the case which would prompt the court to relax the rule in the *Rosenblatt* case, since the wife is receiving seventy-five dollars per month allowance by direction of the Family Court, and the husband has expressed his willingness to continue such provision for his wife. The motion is, therefore, denied.