THERESA DUCHINI, Plaintiff, *v.* ADOLPH DUCHINI, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, June 30, 1931.

*Sigmund Goldstein*, for the plaintiff.

*Irving D. Lipkowitz*, for the defendant.

LAUER, J. The plaintiff seeks to recover the amount due under a separation agreement executed between the plaintiff, the wife, and the defendant, the husband.

It seems that the defendant, in an action brought in the Supreme Court of this State, succeeded in securing a decree of divorce from the plaintiff. The divorce, however, in itself it is conceded would not, under the decisions in this State, abrogate the right of the wife to recover under the separation agreement, and while that agreement is in force, neither a separation could be sought

nor alimony awarded. (*Galusha* v. *Galusha*, 116 N. Y. 635; *Drane* v. *Drane*, 207 App. Div. 217.)

It is the contention of the defendant that the plaintiff in this action, the defendant in the Supreme Court action, in asking that court for an award of alimony, the husband, the defendant here, having failed to continue the payments under the separation agreement, acquiesced in the breach of the agreement and cannot now claim the separation agreement to be a valid and subsisting one for the purpose of recovering thereon the payments due thereunder. In reliance upon this position, the defendant cites the cases of *Randolph* v. *Field* (165 App. Div. 279) and *Landes* v. *Landes* (172 id. 758). Neither of these cases is precisely in point under the facts of the present case. In the *Randolph* case the husband was ordered to pay counsel fees and alimony based upon an action instituted by the wife for separation in which she specifically alleged that the husband had ceased making payments thereunder and had repudiated the separation agreement. In the present case, it is true, the wife did substantially this, but the husband did not acquiesce in the position assumed by the wife, that the agreement was abrogated, but, in opposition to the counterclaim and in opposition to the motion for alimony, as a matter of fact invoked the agreement and sought to and succeeded in defeating the claim of the wife. As a matter of fact, it appears that the husband was not ordered to pay alimony. In other words, his position in regard to the separation agreement was upheld rather than the position which the wife sought to maintain. The principle to be invoked is stated by the court in the case of *Randolph* v. *Field* (*supra*) to be " predicated upon the rule that when two persons are competent to make a contract they are competent to waive or abandon it; that when they both concur in such waiver or abandonment their united assent dissolves the contract and the rights of each under it are at an end," citing *Graves* v. *White* (87 N. Y. 463). Had the defendant acquiesced in his wife's contention that he had repudiated the agreement, then it might very well be said that the parties agreed upon the repudiation of the separation agreement. The husband, however, did not acquiesce in the claim of the wife. In the 11th paragraph of the wife's answer she said that " said separation agreement has become null and void and of no effect by reason of this breach on the part of the plaintiff," the husband, and in the prayer for relief, among other things, she asked for a decree of separation from the defendant, the husband. In a reply to this answer, the husband denied the allegations just quoted, and in his prayer for relief in the reply

he asked for judgment dismissing the counterclaim, and in an affidavit submitted in opposition to a motion for alimony, the husband, in an affidavit submitted by him, states that the separation agreement here involved " is now in full force and effect," and expressly maintained that the existence of this " valid separation agreement between the parties " constituted a bar to the wife's claim for separation.

So I conclude that there never was a meeting of the minds of the parties on the abrogation of this separation agreement. At different times each party may have acted and probably did act inconsistent with the continuance and validity of the agreement but never at one and the same time. When one party asserted its violation or repudiated it, the other party sought to maintain it. Under these conditions I cannot say that the defendant is now entitled to claim that the separation agreement is no longer subsisting because it was dissolved by the united assent of the contracting parties.

It follows that the plaintiff is entitled to recover $275.