Let findings be prepared.

<hr/>

(63 Misc. Rep. 188.)

CITY OF NEW YORK v. WEIL, Municipal Court Justice, et al.

(Supreme Court, Special Term, New York County.   April, 1909.)

1. MUNICIPAL CORPORATIONS (§ 1012*)—CLAIMS AGAINST—EXAMINATION OF CLAIMANT BEFORE COMPTROLLER—SUBPŒNA.

   The comptroller of New York City is not called upon to issue a subpœna when he requires the attendance before him, under Greater New York Charter, § 149 (Laws 1901, p. 50, c. 466), of a claimant against the city to be examined respecting the validity of his claim.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1012.*]

2. MUNICIPAL CORPORATIONS (§ 1012*)—CLAIMS AGAINST—EXAMINATION OF CLAIMANT BEFORE COMPTROLLER.

   The right of the comptroller of New York City, under Greater New York Charter, § 149 (Laws 1901, p. 50, c. 466), to require the attendance before him of a claimant against the city to be examined respecting the validity of the same, ends with the commencement of an action on the claim.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1012.*]

3. COURTS (§ 190*)—MUNICIPAL COURTS—DECISIONS REVIEWABLE.

   Though an order denying a stay of a personal injury action against New York City until plaintiff complied with Greater New York Charter, § 149 (Laws 1901, p. 50, c. 466), authorizing the comptroller to require the attendance before him of a claimant against the city to be examined respecting the validity of the same, is not appealable under the Municipal Court act (Laws 1902, p. 1486, c. 580), that does not deprive the

city of its right to test the question by review of any judgment obtained against the city.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

4. PROHIBITION (§ 3*)—REMEDY BY APPEAL.

The writ of prohibition should never be granted where the court sought to be enjoined has jurisdiction, both of the subject-matter and the parties, and there is a right of review by appeal.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 5, 7–15; Dec. Dig. § 3.*]

Application for a writ of prohibition by the City of New York against David L. Weil, a Justice of the Seventh District Municipal Court, and others. Application denied.

Francis Key Pendleton, Corp. Counsel (John W. Goff, Jr., and Cornelius F. Collins, of counsel), for City of New York.

Gillette & Clark (Charles G. Bond, of counsel), for respondent Farley.

DOWLING, J. Reginald Farley, an infant, by Thomas Farley, his guardian ad litem, on August 26, 1908, presented to the comptroller of the city of New York a demand for adjustment of an alleged claim for $500 damages for personal injuries sustained by said infant by falling upon a sidewalk which had been permitted to be and remain in a dangerous and unsafe condition. The demand was subscribed by the infant, by his guardian ad litem, and by Gillette & Clark, attorneys for the claimant. Thereafter, on August 29, 1908, the comptroller caused to be served upon the attorneys a notice, pursuant to section 149 of the Greater New York Charter (Laws 1901, p. 50, c. 466), whereby he required the claimant to attend before him at the office of the corporation counsel to be examined orally as to any facts relative to the justness of the claim presented by him, and advising him of the name of the assistant corporation counsel who would conduct the examination. This notice was entirely disregarded by the claimant and his attorneys, and he never appeared for examination. After the expiration of 30 days an action was commenced in the Municipal Court. When the same was called, upon the return of the summons, the defendant, the city of New York, moved for an order staying plaintiff from proceeding with the action until he had complied with section 149 aforesaid. The motion was denied, and, upon a reargument being applied for, that application was also denied. The defendant in the action, the city of New York, now seeks a writ of prohibition, restraining the justice of the Municipal Court before whom the action was pending, and all other justices of that court, as well as plaintiff and his attorneys, from proceeding further with the action.

Two questions are presented by the present application: (1) Whether the proceedings of the comptroller in requiring the claimant to appear for examination were in accordance with the charter; (2) whether, if the city of New York is entitled to any relief, it should be had by the issuance of a writ of prohibition. It is the contention of plaintiff that the comptroller should have issued a subpoena and served the same upon him personally, and that, having failed so to do before

the action was commenced, the city's only remedy is by the examination of the plaintiff as an adverse party under the Code of Civil Procedure. The section of the Code of Civil Procedure under which the subpœna might be issued is 854, and a subpœna issued thereunder must be executed according to the provisions of section 852, which section requires personal service upon the witness, the exhibition of the original subpœna to him, and the payment of witness fees. While it is undoubtedly true that section 854 gives the power to the comptroller to issue a subpœna wherever he desires so to do, in any matter wherein he has the power to take proof or compel the attendance of a witness, nevertheless I am of the opinion that he is not called upon to do so when he requires the attendance of a claimant to be examined respecting the validity of a claim theretofore presented for adjustment. The purpose of such an examination is plainly to prevent frauds and impositions upon the city. Upon the comptroller, as the chief financial agent of the municipality, is imposed the duty of protecting its treasury from unjust and unfounded claims. In the nature of things, neither he nor his department officials can have personal knowledge of the validity of the claims which are daily presented. He therefore is entitled to have the benefit of the claimant's examination that he may either verify or dispute the justice of the claim. So salutary is this proceeding, and so vital to an honest protection of the city's rights is this power of questioning and investigation, that section 261 of the Greater New York Charter (Laws 1901, p. 114, c. 466), provides that:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

And why was this delay of 30 days provided for? Obviously that the comptroller, before adjusting or paying or rejecting the claim, might have an opportunity for full investigation, including the examination of the claimant under section 149 of the charter. That section in part provides:

"The comptroller may require any person presenting for settlement an account or claim for any cause whatever against the corporation to be sworn before him or before either of the deputy comptrollers touching such account or claim, and, when so sworn, to answer orally as to any facts relative to the justness of such account or claim. Willful false swearing before the comptroller or deputy comptroller is perjury, and punishable as such."

With this provision the comptroller complied. He required the claimant to attend for examination, and that requirement was notified to him through his attorneys, who had filed the claim on his behalf, and whose names appeared upon the demand for adjustment. To say that they were not attorneys because no action had been commenced is a mere evasion. They represented themselves as attorneys for claimants upon the very notice under which plaintiff seeks to benefit. The notice to appear for examination was properly given and should have been complied with.

But what is the penalty for a failure to comply with the notice? Under the decision in Matter of Grout, 105 App. Div. 98, 93 N. Y. Supp. 711, the right of the comptroller to examine under section 149 of the charter ends with the commencement of an action based on the claim. The only question therefore is whether, when a claimant contumaciously and deliberately refuses to comply with the comptroller's requirement that he attend for examination, the comptroller has had such an opportunity to adjust the claim that, the 30 days' limit having expired, he can be said to have neglected or refused to make an adjustment of the claim, which is an essential prerequisite to the right to sue. And this question would arise even if a subpœna were issued, for, if its disobedience could be punished as a contempt, still that would not of itself bar the right to recover, and the essential thing, in order to prevent fraud upon the city, is to enforce the right of examination before suit can be brought; but it is not necessary, nor is it advisable, to decide the question in this proceeding. That must be determined · in the original action, either in the court of first instance or on appeal, for the question can be raised, and the fact of no examination having been had can be brought out, either by cross-examination of the plaintiff, or by the city's own case in defense, and the denial of the right to make such proof would be reviewable, and, while the order denying a stay cannot be appealed from, under the Municipal Court act (Laws 1902, p. 1486, c. 580), that does not deprive the city of its right to test the question by review of any judgment that may be obtained against it. The writ of prohibition therefore should not be issued herein, for it should never be granted where the court sought to be enjoined has jurisdiction, legally vested in it, both of the subject-matter of the litigation and of the parties to it, and where a right of review by appeal exists in favor of the party who may be aggreived.

Application denied, with costs. Settle order on notice.

Application denied.