### In re DRAKE.

### DRAKE v. SULLIVAN.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1912.)

INSANE PERSONS (§ 62*)—CLAIMS AGAINST ESTATE.

    Under Code Civ. Proc. § 2321, requiring the court exercising jurisdiction over the property of an incompetent to provide for the payment of his debts, where the committee of an incompetent has sufficient funds to pay a judgment, which by the lapse of more than 10 years has ceased to be a lien on the incompetent's property, it is improper, in the absence of any showing that the judgment has been paid or that there are other debts that should be paid out of the fund, to require the judgment creditor to revive the judgment before it will be paid, since, although the lien has expired, it is still presumptively a subsisting debt against the incompetent.

    [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 108, 109; Dec. Dig. § 62.*]

Appeal from Steuben County Court.

Application by James A. Drake for an order directing Albert L. Sullivan, as committee of Charles Barry, an incompetent person, to pay a judgment theretofore recovered by Drake. From an order denying the application and sustaining preliminary objections thereto interposed by the committee, the petitioner appeals. Reversed and remitted.

See, also, 73 Misc. Rep. 391, 131 N. Y. Supp. 39.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Fay H. White, of Corning, for appellant.

Leslie W. Wellington, of Corning, for respondent.

ROBSON, J. The facts stated in the moving papers were in no manner disputed or questioned on the hearing of the application, and

assuming, as we must, the truth of these statements, we are of the opinion that petitioner's application was improperly denied.

On the 27th day of July, 1898, the petitioner duly recovered a judgment in the Supreme Court of this state on personal service of process against Charles Barry; and it was duly entered in the proper clerk's office. An execution, duly issued, was returned unsatisfied; and the judgment still remains wholly unpaid. Barry was duly adjudged to be an incompetent person in proceedings had in the County Court of Steuben county; and on June 22, 1911, Sullivan, the respondent, was duly appointed by that court the committee of his property and estate. As such committee he has received, and still has, funds of the incompetent sufficient to satisfy in full the amount of petitioner's claim. The learned county judge on denying petitioner's application recognized the propriety of a proceeding by petition to the court, having control, through the committee it had appointed, of the incompetent's estate, for the payment of the debts of the incompetent. He says in his opinion then delivered:

"It is true that the court which by its committee takes possession of the property of an incompetent person is clothed with full authority to pay all just claims against the incompetent to the extent of his estate. This summary remedy is favored by the courts, and is adopted unless some special facts or circumstances exist which render it necessary or appropriate that the claimant should be permitted by the court to maintain an action for the purpose of having his claim or the extent thereof adjudged"—citing Kent v. West, 33 App. Div. 112, 53 N. Y. Supp. 244; Williams v. Estate of Cameron, 26 Barb. 172; Matter of Hopper, 5 Paige, 489.

Citations to like effect might be indefinitely multiplied. But he held that special facts did appear in this case making it appropriate and necessary that the petitioner be remitted to another application or proceeding to revive the judgment. These special facts are stated to be that "by the lapse of time all the liens acquired by the judgment and which existed in full force for a period of ten years have now expired; and, so far as any force remains in the judgment, it stands more now like a disputed claim against this estate, and, until proceedings are taken to revive the judgment, it stands no different from any other claim against the incompetent person." It is also suggested that because the judgment could not have been enforced against Barry's property as a lien thereon or by proceedings supplementary to execution until the lien had been revived, or the judgment sued over, that it cannot be enforced as a judgment in this proceeding against the committee, who represents the judgment debtor. But, though the lien of the judgment had expired, it still remained a debt against the incompetent. "There is always on the part of the judgment debtor an obligation, or promise, implied by law to pay the judgment." Gutta Percha & Rubber Mfg. Co. v. Mayor, etc., 108 N. Y. 276, 278, 15 N. E. 402, 403, 2 Am. St. Rep. 412; O'Brien v. Young, 95 N. Y. 428, 47 Am. Rep. 64. For the purpose of this proceeding it stands admitted that nothing has been paid on the judgment; and, though its lien as a judgment has expired, it is still presumptively a subsisting debt, due from the incompetent. Holland v. Grote, 193 N. Y. 262, 268, 86 N. E. 30. It is the duty of the court

exercising jurisdiction over the property of such an incompetent person among other things to provide on proper application to it for the payment of the debts of the incompetent. Code Civ. Proc. § 2321. So far as at present appears, the incompetent owes no other debt than petitioner's judgment; and no other claim against him appears to exist. The committee has funds sufficient to satisfy the debt. Presumptively, therefore, petitioner was entitled to an order directing that the committee pay his claim.

It is possible, however, that on a rehearing of the application facts may be made to appear showing that the amount of the claim had been reduced by payments, or that there exist other claims or charges which should be provided for out of the fund by which its amount may be reduced so as to be insufficient to pay the petitioner's claim in full.

The order should, therefore, be reversed, with costs to appellant to abide event; and the proceedings remitted to the County Court of Steuben county for further action thereon. All concurred.