THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHAN
WIESENTHAL and DAVID WIESENTHAL, Respondents, *v.*
JAMES A. DUNNE, a Justice of the Municipal Court of the
City of New York, and JAMES J. BAKER, Appellants.

Second Department, February 4, 1921.

**Prohibition — writ will not lie to restrain justice of Municipal
Court of City of New York from transferring pending case to
another district.**

A writ of prohibition will not be granted restraining a justice of the Municipal
Court of the City of New York from granting a pending motion to transfer
a case to another Municipal Court district, such remedy not being a
substitute for an appeal which would be adequate under the circumstances.

APPEAL by the defendants, James A. Dunne and another,
from an order of the Supreme Court, made at the Kings Special
Term and entered in the office of the clerk of the county of
Kings on the 30th day of December, 1920, directing the
issuance of an alternative writ of prohibition restraining the
said Municipal Court justice from transferring the trial of an
action pending in the Municipal Court of the City of New
York, borough of Brooklyn, Fourth District, to the borough
of Manhattan, Seventh District.

Nathan Wiesenthal and David Wiesenthal, the relators,
respondents, reside within the fourth Municipal Court district
in the borough of Brooklyn. They brought an action in the
Municipal Court in that district against James J. Baker to
recover ninety-five dollars rent of premises 306 West One
Hundred and Forty-sixth street, borough of Manhattan, for
the months of October and November, 1920. The defendant
Baker answered demanding a jury trial and served notice of
a motion for an order transferring the action to the seventh
Municipal Court district, borough of Manhattan, which is the
district in which are located the premises for which the rent is
alleged to be due. The motion was returnable on November
30, 1920, in the court in the fourth district, where Justice
DUNNE was presiding under regular assignment. On Novem-
ber 27, 1920, the relators, the plaintiffs in the action, applied

Second Department, February, 1921. [Vol. 195.

for a writ of prohibition restraining the justice from granting the pending motion upon the ground that he had no power to transfer the trial of the action. The learned justice at Special Term granted the writ of prohibition, filing a memorandum opinion in which he says: " I think the writ of prohibition should be granted. Although the judgment may result in the removal of the tenant from the premises if he does not pay the rental which the court adjudges to be still reasonable, still the action is an action for rent, and not a summary proceeding. It is a personal action. Hence, it was properly brought in the district where plaintiff resides. Rule 35 of the Municipal Court Rules is in contravention of section 17 of the Municipal Court Code."*

*William B. Carswell* [*John P. O'Brien, Corporation Counsel,* and *Joseph P. Reilly* with him on the brief], for the appellants.

*James E. Smyth,* for the respondents.

KELLY, J.:

I think we are not called upon to decide the controversy between the parties as to the legality or propriety of transferring the trial of the action. There appears to be no warrant for interference by writ of prohibition with the Municipal Court justice. The action was pending in the court in which he was presiding. The court had jurisdiction of the parties and the subject-matter. (*People ex rel. Higgins* v. *McAdam,* 84 N. Y. 287, 296.) If the motion to transfer the case should be denied we must assume that the justice will deny it. " The legal presumption is that every court will decide right, and conduct the proceedings before them fairly, impartially and correctly." (*Wolfe* v. *Burke,* 56 N. Y. 115, 119.) If the Municipal Court justice should make an erroneous decision the plaintiffs have the right to appeal. " The writ of prohibition is not favored by the courts. Necessity alone justifies it. Although authorized by statute, it is not issued as a matter of right, but only in the exercise of sound judicial discretion when there is no other remedy. While it issues out of a superior court and runs to an inferior court or judge, its object is not the correction of errors nor relief from action already taken. In no sense is it

---

* Laws of 1915, chap. 279, § 17.— [REP.

a substitute for an appeal, as its sole province is to prevent the inferior tribunal from usurping a jurisdiction which it does not possess, although it runs against the exercise of unauthorized power in a proceeding of which the lower court has jurisdiction, as well as when the proceeding itself is instituted without jurisdiction. The sole question to be tried is the power of the inferior court or magistrate to do the particular act in question. * * * It is justified only by ' extreme necessity ' when the grievance cannot ' be redressed by ordinary proceedings at law, or in equity, or by appeal.' " (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 393, and cases cited; *People ex rel. Newton* v. *Special Term, Part 1,* 193 App. Div. 463.)

The order directing the issuance of the writ of prohibition should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concur.

Order directing issuance of writ of prohibition reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.