In the Matter of MARTIN L. WARREN, an Incompetent Person.

ABNER T. HOPKINS, as Committee of the Person and Property of MARTIN L. WARREN, Appellant; ANNA A. WARREN, Respondent.

Fourth Department, January 2, 1924.

Incompetent persons — proceeding by wife to compel committee of incompetent husband to pay for support of children, counsel fees, and for past support of children — husband and wife were living apart under separation agreement when husband was declared incompetent — husband was discharged from hospital before this proceeding was instituted — court was without power summarily to pass on petitioner's claim — court should have appointed special guardian of incompetent and inquired into merits of petition — husband and wife — validity of separation agreement will not be summarily determined — courts cannot reform separation agreement — proper procedure is to ask for leave to bring action to set aside separation agreement — costs discretionary — no authority for allowance of counsel fees.

On an application in lunacy proceedings by the wife of the incompetent for an order directing the committee of the incompetent to pay the wife for the support of her children for one month and to pay her counsel fees and also to pay her for the expense of past support, it appeared that the petitioner and the incompetent were living apart under a separation agreement when the husband was declared incompetent and that the husband was discharged from a hospital before this application was made.

Held, that the court has no authority summarily to decide, on affidavits, controverted questions involving contractual rights, make disposition of substantial sums out of the incompetent's estate, and determine the validity of a separation agreement, without careful inquiry upon competent proof; and that the nature of this proceeding was such that before the court could make an order it was necessary for it to conduct an inquiry into the merits and before that could be done it was necessary for the court to appoint a special guardian to represent the incompetent in the proper protection of his rights and interests.

The court did not have power summarily to determine that the separation agreement was void because of the absence of a direct provision for the support of the wife therein.

While the court has power under proper circumstances to set aside a separation agreement, it does not have power to reform such an agreement by providing for payments in excess of those stipulated therein.

A voluntary separation agreement made between a husband and wife prior to the time that the husband is judicially declared incompetent must be recognized by the courts until it is impeached.

*It seems*, that the most practicable way for the petitioner to obtain relief would be by a petition to the Supreme Court stating the facts and asking leave to bring an action to set aside the separation agreement, and then if such permission is granted and a guardian *ad litem* appointed, a complete inquiry into the facts and circumstances existing at the time the agreement was executed and subsequently might be made by a court exercising equity jurisdiction, and a just determination reached.

Allowance of costs in such matters is discretionary, but there seems to be no authority for allowance of counsel fees.

APPEAL by Abner T. Hopkins, as committee, etc., from two orders of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 17th day of October, 1923, directing the appellant to make payments from the property of the said incompetent person to the respondent, the wife of the said incompetent person, for the support of her children, and to her attorney for counsel fees.

*Hopkins & Brim* [*Abner T. Hopkins* of counsel], for the appellant.

*Templeton, Turnbull & Templeton* [*Irving R. Templeton* of counsel], for the respondent.

DAVIS, J.:

On the petition of Anna A. Warren, wife of the incompetent person, Martin L. Warren, an order has been granted directing the committee of said incompetent to pay petitioner $100 for the support of her three children for the month of October, 1923, and pay her attorney $250 counsel fee, and the proceeding is continued to take under consideration and to determine the matter of allowing payment of " not less than $3,000 at once " for the past support of the petitioner and her children. Two orders of similar tenor were entered, and the committee has appealed.

From the somewhat brief record presented, it appears that the interested parties were married November 25, 1908. Three children have been born to them, aged respectively eleven, nine and seven years. Differences having arisen, the parties finally separated June 11, 1919. On March 18, 1922, they entered into a written separation agreement which provided, in substance, that the wife was given the care and custody of the three children, and the husband agreed not to interfere therewith. He agreed to pay the wife twenty dollars monthly for the support, maintenance and education of said children until the oldest child became sixteen years of age, and thereafter a smaller sum until the youngest became sixteen, when payments would be discontinued. The wife was emancipated from all marital duties and given the right to labor on her own account and receive compensation therefor. On her part she agreed to accept such payment in consideration, satis-

faction and extinguishment of all liability of her husband to provide for her support and maintenance, agreeing to incur no obligation in his name. Following the separation the petitioner obtained employment and has ever since been employed at good wages.

On June 29, 1922, Martin L. Warren was declared incompetent by reason of being a lunatic. He had been committed to a State hospital for the insane. Abner T. Hopkins was appointed committee by order of the Supreme Court.

Anna A. Warren brought an action for separation against her husband in July, 1923, which was shortly thereafter discontinued. She then petitioned the court asking that provision be made for the support of herself and her children. On the return of an order to show cause served on him, the committee appeared and answered, stating that the incompetent had recently been discharged from the State hospital, and in effect alleging that he was in no position to proceed and asking adjournment. The separation agreement was set up as a part of the answer. Further affidavits on the part of the petitioner were filed. She asked therein for relief not only for present support but in payment for what she had expended in the past. The orders appealed from resulted.

We may say at the outset that the procedure was faulty. The court has general jurisdiction over the property of the incompetent person to preserve it from waste or destruction and to provide for the payment of his debts, and for the safe-keeping, maintenance and education of the incompetent person and his family. (Civ. Prac. Act, § 1357.) Doubtless the court possesses a somewhat summary power to pass on small undisputed claims, order payment of admitted debts and make provision for the ordinary family needs. (*Matter of Otis*, 101 N. Y. 580; *Matter of Drake*, 151 App. Div. 163; *Matter of Forkel*, 8 id. 397.) But it has no power or authority summarily to decide on affidavits controverted questions involving contractual rights, make disposition of substantial sums out of the incompetent's estate, and determine the validity of written agreements without the incompetent having representation in the court, or without careful inquiry upon competent proof. (*Davis v. Davis*, 195 App. Div. 430; *Matter of Osborn*, 74 id. 113, 116.)

On the return of the order to show cause, we think the nature of the proceeding and the facts presented warranted a careful inquiry into the merits; and that the committee uninformed as to the matter alleged in the petition, should not have been required to make payments out of the estate until witnesses had been produced to testify to the facts alleged in the petition and subjected to cross-examination. The incompetent, personally, had no notice of the proceeding. He had been discharged temporarily from the hospital,

and it was the duty of the committee and the court to see that provision should be made from his estate, both then and in the future, for his support and maintenance. The preservation of his estate for the health and comfort of the incompetent, as well as for that of his family, is a primary consideration.

As we view it, a case was presented where the first duty of the court was to appoint a special guardian to represent the incompetent in the proper protection of his rights and interests. (Civ. Prac. Act, § 207; *Behlen* v. *Behlen*, 73 App. Div. 143; *Moore* v. *Flagg*, 137 id. 338.) The committee, if he has no interest adverse to the incompetent (Civ. Prac. Act, § 208) may be appointed special guardian but he will then have special and particular duties. Or any other qualified person, including an attorney or officer of the court, may be appointed. (Rules of Civil Practice, rule 40.)

The respondent's counsel asserts and the court at Special Term evidently assumed without formally deciding it, that the separation agreement was void. There was no direct provision for the support of the wife therein. It is true that the statute provides that a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife. (Dom. Rel. Law, § 51.) We have recently recognized and given force to that statute in this court. (*Harding* v. *Harding*, 203 App. Div. 721.) But the occasions are rare that the invalidity of such an agreement may be determined by one party to it without judicial inquiry, or that it may be attacked and declared invalid in a collateral matter.

We are not well informed as to the conditions prevailing at the time the agreement was made. The wife must have had some information as to her husband's circumstances, and reasons which seemed to her at that time sufficient to enter into the agreement which provided some support for the children and left her free to engage in productive industry.

Ordinarily the courts look favorably upon and encourage settlements made outside of courts between parties to a controversy (*Galusha* v. *Galusha*, 116 N. Y. 646), and if an adjustment of financial matters was made between husband and wife satisfactory to the parties, and provision is made for the support and maintenance of the wife and children adequate in view of the circumstances of the husband, there can be no just complaint. But if it appears upon inquiry that the contract was not just and fair, and equitably ought not to be enforced and that the provision for the support of the wife and children was inadequate and she accepted it unadvisedly or imprudently, a court of equity has power to set it aside, and will readily do so. (*Hungerford* v. *Hungerford*,

161 N. Y. 550; *Winter* v. *Winter*, 191 id. 462; *Tirrell* v. *Tirrell*, 232 id. 224.) Such a contract is binding upon both parties unless set aside or impeached. (*Cain* v. *Cain*, 188 App. Div. 780.)

We do not understand that the petitioner desires to have the entire agreement declared void. The " new freedom " she obtained thereby and the custody of the children she evidently wishes to retain. She is asking only that further provision be made for the support of herself and children than she obtained in her voluntary agreement. The courts may set aside but may not reform such agreements. (*Stoddard* v. *Stoddard*, 227 N. Y. 13; *Chamberlin* v. *Chamberlin*, 193 App. Div. 784.)

The principles just discussed and the authorities cited deal with competent persons. The duty rests on an incompetent person within the reasonable limitations of his estate and his usual lack of earning capacity, to provide for his family. (*Matter of Willoughby*, 11 Paige, 257; *Matter of Heeney*, 2 Barb. Ch. 326; *Thedford* v. *Reade*, 25 Misc. Rep. 490, 492; 22 Cyc. 1179.) But a voluntary agreement made by the wife with the husband prior to the time he was judicially declared incompetent, must be given recognition until impeached.

No doubt the most practicable way to obtain relief would be by petition to the Supreme Court stating the facts and asking leave to bring an action to set aside the separation agreement on some or all of the grounds heretofore stated. (*Smith* v. *Keteltas*, 27 App. Div. 279.) Then if such leave were granted and a guardian *ad litem* appointed for the incompetent and issue properly joined, a complete inquiry into the facts and circumstances existing at the time the agreement was executed and subsequently, might be made by a court exercising equity jurisdiction, and a just determination reached.

It is likely that the Supreme Court, having the powers of the former Court of Chancery relative to the affairs of incompetent persons (*Matter of Blewitt*, 131 N. Y. 541, 546; Civ. Prac. Act, § 1356 *et seq.*), may make similar inquiry in the nature of a special proceeding brought under the provisions of section 1357 of the Civil Practice Act. But if the agreement made between the parties is to be declared void and the parties freed from its obligations, there must be that careful inquiry into the facts that the court would pursue in an action brought for a similar purpose.

The question is not fully settled as to whether, when the parties are living in a state of separation, attorney's fees for services rendered a wife in a civil or criminal proceeding are necessaries for which recovery can be had against the husband. (See *Elder* v. *Rosenwasser*, 121 Misc. Rep. 181.) We do not need to consider the question now. In an action or special proceeding of this nature

costs and disbursements may be allowed attorneys for petitioner in the discretion of the court. (Civ. Prac. Act, § 1492.) In matrimonial actions there is statutory authority for allowance of counsel fees. (Civ. Prac. Act, § 1169.) But there seems to be none for such allowance in a proceeding of this character. (*Johnson* v. *Johnson*, 206 N. Y. 561.)

The orders appealed from should be reversed, without costs, and the matter should be remitted to the Special Term for further proceedings, if petitioner is so advised, in accordance with this opinion.

All concur.

Orders reversed, without costs, and matter remitted to the Special Term for further proceedings, in accordance with the opinion, if petitioner is so advised.