RAY BLUEGLASS, Plaintiff, v. ROMAN BLUEGLASS, Defendant.

Supreme Court, Bronx County, April 9, 1926.

**Husband and wife — divorce — valid separation agreement bars application for alimony pendente lite — validity of separation cannot be determined on motion for alimony — counsel fee allowed.**

A valid and subsisting agreement of separation bars an application for alimony *pendente lite.* Moreover, the validity of a separation agreement between parties who subsequently become parties to an action for divorce cannot be determined from affidavits submitted on a motion in said action for alimony *pendente lite.*

Accordingly the plaintiff, in an action for divorce, is not entitled to alimony *pendente lite,* but a counsel fee will be allowed to prosecute said action, where it appears that plaintiff and defendant upon their separation entered into an agreement which provided that defendant should pay a certain amount weekly during their joint lives for plaintiff's support, and further provided that if defendant failed to perform all the conditions of the agreement, the plaintiff might, at her option, sue to enforce payment under the instrument or commence an action in the Supreme Court for abandonment and non-support and there apply for alimony, and it does not appear herein that plaintiff seeks to set aside the agreement nor does she sue for separation or abandonment or non-support pursuant to the contract; the agreement of separation must be recognized until it is impeached by competent proof and after careful inquiry.

MOTION by plaintiff for alimony *pendente lite* and counsel fee in an action for divorce.

*Jacob L. Grubel,* for the plaintiff.

*Isidor Enselman,* for the defendant.

GIBBS, J. In opposition to a motion for alimony *pendente lite* and counsel fee made by the plaintiff in an action for absolute divorce, defendant urges that the existence of a separation agreement between the parties is a bar to the application. It appears that plaintiff and defendant separated in January, 1922, at which time the defendant agreed to pay the plaintiff the sum of fifteen dollars per week during their joint lives for her support. The agreement provided that if the defendant failed to perform all of the conditions of the agreement the plaintiff may at her option sue to enforce payment under the instrument or institute an action in the Supreme Court on the ground of abandonment and non-support and there apply for alimony or apply to the Domestic Relations Court for an order compelling the defendant to support her. Plaintiff alleges that defendant has violated the agreement in that he has failed to make the payments specified regularly and is in arrears at the present time. The defendant denies that he is in default of any payment. The law is settled that a valid and subsisting agreement of separation is a bar to an application

for alimony *pendente lite.* (*Rosenblatt* v. *Rosenblatt*, 209 App. Div. 373; *Davis* v. *Davis*, 195 id. 430.) The proposition as to whether the agreement between the parties to this action is valid cannot be determined from the affidavits submitted. The courts have consistently adhered to the rule that this question must be decided not upon affidavits but only upon careful inquiry and upon competent proof. (*Matter of Warren*, 207 App. Div. 793; *Cain* v. *Cain*, 188 id. 780.) Plaintiff does not seek to set aside the agreement nor does she sue for a separation for abandonment or non-support pursuant to the contract. Her action is for an absolute divorce. The agreement of separation must be recognized until it is impeached by competent proof. (*Matter of Warren, supra.*) She is, however, entitled to a reasonable counsel fee in order that she may prosecute her action. (*Collins* v. *Collins*, 80 N. Y. 1.) Motion for alimony *pendente lite* is denied. Counsel fee in the sum of $150 is allowed. Submit order.