In the Matter of the Application of JOHN P. MAGNER, Petitioner, for an Order of Prohibition against GEORGE W. SMYTH, Judge of the Children's Court, County of Westchester, and MARGUERITE R. MAGNER, Respondents.

Supreme Court, Westchester County, October 4, 1932.

*Benjamin Shiverts,* for the petitioner.

*Francis M. Fallon,* for the respondent wife.

*William A. Davidson, County Attorney,* for the respondent George W. Smyth.

MORSCHAUSER, J. This is an application by petitioner for an alternative order of prohibition against the learned justice of the Children's Court of Westchester county to stay him and the wife of the petitioner from taking any further proceeding against him in said court upon a decision and judgment made in said court (144 Misc. 740).

The wife of the petitioner entered a complaint against him in the said Children's Court charging him with willfully failing to provide for her proper maintenance and that of the child, the issue of the marriage, and that said child is neglected and is in a state of want.

Petitioner came before the court and, upon consent, an order was made by the said Children's Court wherein and whereby the petitioner was to pay twenty-five dollars per week for the support of his wife and the child, and the matter was adjudicated by the said Children's Court; and it is to prevent the enforcement of said judgment as to the wife that the order is applied for herein, but not as to the child.

Thereafter the petitioner, on the 13th day of August, 1932, commenced an action for separation by the service of a summons and complaint, a copy of which is attached to the moving papers, and on the 1st day of September, 1932, the petitioner appeared by counsel and interposed an answer, a copy of which is attached to the moving papers. This action is now at issue.

The petitioner made an application to the Children's Court to modify the provisions of the order for the support of the petitioner's wife, upon the ground that the Children's Court had no further jurisdiction because of the separation action and that the wife should make her application to the Supreme Court for alimony for her support. The application for modification of the

order was denied by the learned justice of the Children's Court, and, in order to avoid imprisonment, the petitioner is paying such amount under protest and all arrears thereof. There was a final adjudication in the Children's Court, from which no appeal was taken.

The contention of the petitioner herein is that his wife must now apply in the action for separation brought by him in the Supreme Court, to have her alimony fixed; that the said Children's Court has no further jurisdiction of the subject-matter in relation to the wife's maintenance and support.

Both courts may function within their respective powers and jurisdiction, subject, however, until a time comes that the Supreme Court should determine that it alone would control the case and grant a stay of proceedings in the Children's Court.

The commencement of an action in the Supreme Court did not automatically deprive the Children's Court of further jurisdiction. The Children's Court had jurisdiction of the matter and the parties, and was within its right in making the order. (*People ex rel. Wiesenthal* v. *Dunne*, 195 App. Div. 225; *People ex rel. Higgins* v. *McAdams*, 84 N. Y. 287.)

Where the court had jurisdiction of the subject-matter and the parties, and where such decision may be reviewed on appeal, it is not the practice to allow orders of prohibition. (*People ex rel. Farley* v. *Weil*, 63 Misc. 188; *People ex rel. Woodbury* v. *Hendrick*, 215 N. Y. 339; *People ex rel. Mayor* v. *Nichols*, 79 id. 582.)

The extraordinary remedy is confined to cases of unusual necessity where the tribunal against which it is sought is acting without or in excess of its jurisdiction and where there is no adequate remedy. (*People ex rel. Evarts* v. *Municipal Court*, 162 App. Div. 477.)

The Supreme Court may make an order only to prevent an inferior court from exceeding its jurisdiction and not to restrain its exercise of lawful jurisdiction. (*People ex rel. Greeley* v. *Court, etc.*, 27 How. Pr. 14.)

The motion for an alternative order of prohibition applied for herein should be denied, with fifty dollars costs.