In the Matter of KATHERINE WALSH, Plaintiff, *v.* DAVID WALSH, Defendant.

Children's Court, Westchester County, February 24, 1933.

*Elliott Cohen,* for the plaintiff.

*Wolfango E. Cribari,* for the defendant.

SMYTH, J. This proceeding is brought under Children's Court Act,█ section 6, subdivision 1, to determine the custody of the children of the parties hereto, as related to their immediate care. Said statute reads as follows: " Subject to the limitations herein provided, the court shall have jurisdiction in proceedings to determine the question of the rightful custody of children whose custody is subject to controversy, as related to their immediate care." While this language, like certain other parts of the Children's Court Act, is somewhat obscure in meaning, manifestly it was intended to place some limitations upon the powers of this court to decide questions relating to the custody of children.

Presumably, the Legislature did not intend to confer on this court powers in excess of those which may lawfully be conferred upon Children's Courts pursuant to article 6, section 18, of the Constitution.

Said section provides that the Legislature may establish such courts, and " may confer upon them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors." Any attempted grant of greater or additional authority would be unconstitutional and void. (*People* v. *Hopkins,* 208 App. Div. 438; appeal dismissed, 239 N. Y. 589.)

It follows that unless the children whose custody is in question fall within the class of delinquent, neglected or dependent minors, this court is without power to determine their rightful custody as between their parents. To hold otherwise would violate the fundamental law from which the court derives its powers.

That the children are " dependent " or " delinquent " is not contended. In order to adjudge them neglected within the definitions contained in Children's Court Act, section 2, and Penal Law, section 486, it would be necessary to find that they are without proper guardianship; or that the parent, guardian or person with whom they live, by reason of cruelty, mental incapacity, immorality or depravity, is unfit to properly care for them, or neglects or refuses, when able to do so, to provide necessary medical, surgical, institutional or hospital care for them; or that the children are in

such condition of want or suffering, or are under such improper guardianship or control, as to endanger the morals or health of themselves or others.

The evidence does not warrant any such finding. The children are in the custody of their father, who has provided a home for them in which their physical and moral interests are adequately safeguarded. There has been no failure to provide the medical or other care which they have required. The sole question involved is as to whether the father or mother has the superior right to the custody of the children, having regard to the best interests and welfare of the latter. That, I hold, is a question which should be submitted to the Supreme Court. (Dom. Rel. Law, § 70.)

The complaint will be dismissed without prejudice to any proceedings the petitioner may commence in a court of competent jurisdiction.