In the Matter of LEWIS HARVEY VAN VALKENBURG, an Infant under Sixteen Years of Age.

Judgment affirmed. All concur except Sears, P. J., and Taylor, J., who dissent and vote for reversal on the law and facts and for dismissal of the proceeding in a memorandum, by Taylor, J.

TAYLOR, J. (dissenting). The general welfare of children is not a matter of Children's Court cognizance, that court being purely a statutory one with well-defined jurisdiction. (*Matter of Cole*, 212 App. Div. 427.) It is only when the best interests of a child deserve attention within the scope of the established jurisdiction of the Children's Court that that court should act. But when those interests do not present a cognizable mooted question the court should refuse to interfere. Even if it be granted that the Children's Court of Herkimer county had jurisdiction over the person of this infant, the learned judge should not have disposed of the matter as he did on the petition and proof. The record does not show that under section 6 of the Children's Court Act this child was a (b) juvenile delinquent, or a (d) child mentally defective, or (e) that it was physically handicapped, or (g) neglected or abandoned. How did the matter get before the Children's Court of Herkimer county? The mother abandoned her husband without adequate cause and went to her parents' home in another county, Herkimer. Her claim of " cruelty " and non-support of the baby is not borne out by the record. This young farmer husband is a hard-working man, and while perhaps he could not be called prosperous, he is better off than many farmers in these days and he has always properly cared for his wife and child according to their stations in life. He has a better-equipped home than have the wife's parents, and his prospects are good. This record tells the story of a hot-tempered girl wife who is simply using the Children's Court to enable herself to live apart from her husband and obtain support for her child. The child has not been shown to need the interposition of the Children's Court of Herkimer county under the law for the protection of infants; and fair dealing as between this husband and wife requires a reversal here. If later the wife does not return home where she belongs and the child has real need of a determination of the Children's Court relative to its custody and well being, application to the court can be made. The children's Courts were not established to permit one spouse who has unlawfully deserted the other to obtain support upon the pretext that a child's welfare is involved. The line of reasoning presented in the opinion in *Matter of Walsh* v. *Walsh* (146 Misc. 604) fits the instant situation. A court of competent jurisdiction, not the Children's Court, should have been resorted to by petitioner. The judgment should be reversed on the law and the proceeding dismissed, without costs. Sears, P. J., concurs.