In the Matter of Ruth S. Sanderson, Complainant, against Eugene V. Sanderson, Respondent.

Children's Court, Westchester County, September, 1933.

*Clark & Davis* [*E. T. Gallagher* of counsel], for the complainant.

*Lynch, Cahn & Weed* [*Warren W. Wells* of counsel], for the respondent.

SMYTH, J.  This is a proceeding brought by the complainant wife against her former husband to secure proper support for the minor child of the marriage, pursuant to section 6 of the Children's Court Act.*  Said section provides that " whenever the welfare of a child under the jurisdiction of the court is involved," the Children's Court shall have exclusive jurisdiction within the county, to inquire into, hear and determine the liability of any person who neglects or willfully fails to provide for the proper maintenance of his wife or child, or of any person charged with non-support of a wife or child.

The parties entered into a separation agreement some two years ago under which respondent agreed to pay $135 per month for the support of his wife, and $65 per month for the support of their child.  Said agreement was subsequently incorporated (whether directly or by reference does not appear) in a Reno divorce decree secured by the wife.  The husband has defaulted for the past three months in the payment of the amounts due pursuant to said agreement, and has contributed nothing toward the support of the wife or child during said period.  They have been obliged to seek shelter with friends, former neighbors, upon whom they are entirely dependent.  The wife has no means to provide for herself or child.  Meanwhile she has secured two judgments of $200 each based on such defaults for two months, but is experiencing difficulty in collecting same, and recovery will probably be limited to the amount she may realize by garnisheeing respondent's salary, which amounts to $582 per month.

The point is made by respondent that the child is not " under the jurisdiction of the court " for the reason, as he contends, that the evidence is insufficient to prove the child " neglected " within the definition of that term found in the Children's Court Act.

The word " child " as used in the act " means a person less than

---

* Laws of 1922, chap. 547, as amd. by Laws of 1930, chap. 393.— [REP.

sixteen years of age." Such children, within the county, are subject to the jurisdiction of the court under section 6, subdivision 1, for the purpose of determining whether or not they are delinquent, neglected or otherwise in need of the court's protection as therein provided. They are also under the jurisdiction of the court pursuant to section 6, subdivision 2, when their welfare is concerned, for the purpose of inquiring into, hearing and determining the liability of any person who refuses, neglects or willfully fails to provide for the proper maintenance of his wife or child, or of any person charged with abandonment or non-support of a wife or child. It is not required that the child be proven to be in dire want or liable to become a public charge. (*LaRocca* v. *LaRocca*, 144 Misc. 737.) That is the rule which has been followed in this court for ten years, and under which thousands of cases have been decided. The law is not so heartless as to reduce children to the point of starvation or nakedness, before permitting them to seek the protection of the court. The Children's Court Act was intended to prevent such conditions from arising, by conferring jurisdiction on this court to hear and determine such cases when the welfare of a child within the county under sixteen years of age is concerned and the parent has failed to provide proper maintenance or support.

The decision of this court in *Matter of Walsh* v. *Walsh* (146 Misc. 604) held no contrary doctrine. That case involved a question concerning the custody of a child. The power of the court was held limited in such matters by the express provisions of section 6, subdivision 1, and of the Constitution of the State. The Constitution, article 6, section 18, provides for the creation of a court for the correction, protection, guardianship and disposition of delinquent, neglected and dependent children and for the correction and punishment of adults responsible for such conditions. Under these provisions it has been held repeatedly that actual delinquency, neglect or dependency as defined by the statute must appear. The further constitutional provision contained in said section 18 relative to non-support proceedings contains, however, no such restriction, but provides for the erection of a court authorized to enforce the support of a wife, child or poor relative by persons chargeable therewith, who abandon or neglect to support any of them.

Furthermore, I think it clear that the child of the parties herein is " neglected " as defined in the Children's Court Act. When a father refuses, neglects or willfully fails to provide for the support of his child, and the wife is entirely without means, the child immediately finds himself in a state of want and his health is endangered. The fact that the child is fortunate enough to find refuge with

neighbors or friends does not alter the legal effect of the parents' neglect. Such support might be withdrawn at any moment.

It is further contended that as the jurisdiction of the Children's Court is "subject to the jurisdiction of a court of record in a civil proceeding," the maintenance of actions to recover under the separation agreement prevent this court from assuming jurisdiction of the case, and it is further contended that this is a matter "having to do with separation or divorce." (§ 6, subd. 8.) The precise meaning of the phrase first above quoted has not been finally determined. It has been held, however, that the mere commencement of a separation suit by a husband against his wife after she secured a support order in this court, would not oust this court of jurisdiction. (*Matter of Magner* v. *Smyth*, 144 Misc. 840.) Mr. Justice MORSCHAUSER there held that the two courts "may function within their respective powers and jurisdiction, subject, however, until a time comes that the Supreme Court should determine that it alone would control the case." I see no conflict between proceedings in a court of record to enforce payment of past due installments under the separation agreement, and proceedings in this court to secure proper support for the child in the future. I am also of the opinion that this is not a matter "having to do with separation or divorce" within the meaning of section 6, subdivision 8.

A more serious question arises, however, as to the effect of the separation agreement as a bar to this proceeding. When there is a valid and subsisting separation agreement, under which the defendant has made adequate provision for his wife, she may not recover temporary alimony in disregard thereof. (*Drane* v. *Drane*, 207 App. Div. 217; *Benesch* v. *Benesch*, 182 id. 221.) If the husband has failed to perform his obligations under the separation agreement and the wife, prior to the motion for alimony, has commenced an action on the separation agreement to recover the installments past due, temporary alimony will be denied, for by commencing the action the wife is held to have elected to affirm the contract and waive the breach. (*Ascher* v. *Ascher*, 213 App. Div. 183.) But it has been held that the court probably has power to make an allowance for the maintenance of the minor child, if warranted by the moving papers (*Rosenblatt* v. *Rosenblatt*, 209 App. Div. 373), and "The court in a judgment granting a separation could as incidental relief make such provision for maintenance, support and custody of the children as it deemed wise, without regard for the terms of this agreement" (*Chamberlin* v. *Chamberlin*, 193 App. Div. 784, 787).

These rulings rest upon the solicitude of the State for the welfare of its minor children. No agreement made by the parents should be permitted to stand in the way of a child's receiving the help of a

court of competent jurisdiction, if the withholding of such help would result in hardship or injustice to him.

I have carefully considered the evidence regarding the husband's ability to pay for the support of his child. It is not the function of this court to enforce the separation agreement. I have received it, or the contents thereof, in evidence as in the nature of an admission by the husband as to his financial ability as it existed on the date the separation agreement was entered into, to be considered with all other evidence in the case bearing upon his present financial ability.

He has remarried, and now feels obligated to contribute to the support not only of his second wife but of her four children by a prior marriage. His first obligation, however, is to his natural child. In view of all the circumstances, I consider sixty-five dollars per month a fair and reasonable amount to be paid for the support and maintenance of the child. In order to protect the respondent against the possibility of a double liability, the award will be conditional upon the complainant's filing a written stipulation herein to the effect that any and all payments made under and pursuant to the order of this court shall be credited against any sums recovered or attempted to be recovered for the support and maintenance of the child under said separation agreement or divorce decree, falling due from and after September 19, 1933.