Commissioner of Welfare of the City of New York, on Complaint of Felicia Szwaba, Respondent; v. Thomas Garavuso, Appellant.— Order of filiation, entered against the defendant after trial by the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

Margaret Cortese, Appellant, v. Abbie E. Brown, and Edgar S. Knox and Gladys L. Irons, as Committee of the Person and Property of Abbie E. Brown, an Incompetent Person, Respondent.— Action to recover damages for personal injuries. Plaintiff, a tenant in a two-family house, while attempting to lower the window in her kitchen from the top, was injured when the window jammed and the top of the window frame gave away. Liability is asserted against the defendants as the committee of the property and person of the landlord, upon the theory that the landlord, although under no obligation to do so, had voluntarily made repairs to the window and had done the work negligently. The complaint was dismissed at the close of the entire case. Plaintiff appeals. Judgment reversed on the law and the facts, and a new trial granted, with costs to appellant to abide the event. In our opinion the evidence presented a question of fact as to the landlord's negligence. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

Henrietta Knapp Emley, Respondent, v. Herman A. Gray, as Executor, etc., of Jay Noble Emley, Deceased, Appellant.— Order granting plaintiff's motion for summary judgment and the judgment entered thereon reversed on the law, without costs, and the motion for summary judgment denied, without costs. The plaintiff sues to recover certain arrears of alimony due her under a separation agreement made by the defendant's testate. The defendant executor has denied that he has any knowledge or information sufficient to form a belief as to the truth of the allegations in the plaintiff's complaint. The affidavits submitted failed to establish that the defendant has such factual knowledge as to make his denial worthless. It may be that the plaintiff will succeed at a trial, but where the action is against a representative of an estate and under the facts present here, the plaintiff is required to establish her claim by formal proof. (Friedman v. Friedman, 251 App. Div. 835; Woodmere Academy v. Moskowitz, 212 id. 457.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

Egidio Ferri, Appellant, and Adeline Arbusto, an Infant, by Francis Arbusto, Her Guardian ad Litem, Plaintiff, v. M. Lee Marshall, Respondent, and Werner Gaden, Defendant.— Action by plaintiffs to recover damages for personal injuries and property damage as a consequence of a collision of two automobiles on a road in Westchester county. Defendant Marshall's answer contained a counterclaim for property damage. Plaintiff Ferri appeals from an order granting a motion for his examination before trial by defendant Marshall in respect of one item of the eleven items allowed. Order, in so far as appealed from, affirmed, with ten dollars costs and disbursements, the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.