■ In the Matter of LONG ISLAND HOME, LTD., Respondent. DORIS McKINNON, as Committee of Lillian Glader, an Incompetent Person, Appellant. — In a proceeding to compel the committee of an incompetent person to pay a claim for the care and treatment of the incompetent or for leave to sue the committee for the amount of the claim, the appeal is (1) from an order dated November 16, 1956 directing the committee to pay the claim, and (2) from so much of an order dated December 27, 1956 which on reargument adhered to the original decision. Order dated December 27, 1956 insofar as appealed from reversed, with $10 costs and disbursements, and matter remitted to the Special Term either to determine the reasonable value of the claim or to grant respondent leave to sue the committee on the claim. Appeal from order dated November 16, 1956 dismissed, without costs. In our opinion, the committee's contention that the claim was not fair and reasonable, without controverting

the allegations of the petition, created an issue of fact which required a formal hearing or trial and did not have the effect of transforming the claim into an admitted debt (*Matter of Warren*, 207 App. Div. 793, 795; *Lalli* v. *Brooklyn Trust Co.*, 111 N. Y. S. 2d 456, 457; *Matter of Pappa*, N. Y. L. J., Jan. 18, 1950, p. 221, col. 3). In these matters the rule applied to executors and administrators, who did not incur the liability whereon recovery is sought, might well be applied (*Friedman* v. *Friedman*, 251 App. Div. 835; *Emley* v. *Gray*, 263 App. Div. 894; *Browne* v. *Browne*, 266 App. Div. 664). Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.